FRANK D. SCHUYLER, Appellant, *against* MICHAEL ENGLERT, *et al.*, Respondents.

(Decided April 3d, 1882.)

Where an order of arrest has been vacated by consent of the parties upon a stipulation on the part of the defendant not to sue for false imprisonment or malicious prosecution, no action can be maintained on the undertaking given by the plaintiff to obtain such order of arrest.

APPEAL from an order of the general term of the Marine Court of the City of New York reversing a judgment of that court entered upon a trial by the court without a jury and ordering a new trial.

In July, 1879, an action having been commenced by the defendant Michael Englert against one August G. Genez, an application was made for an order of arrest against said Genez, and upon such application an undertaking executed by all the

defendants herein in the manner and form required by the Code was offered and accepted by the judge to whom the application was made, who thereupon issued an order of arrest, upon which order the said Genez was arrested and was released upon giving bail.

A motion was thereupon made to set aside the order of arrest, which motion was granted by consent, the said Genez agreeing to stipulate not to sue for false imprisonment or malicious prosecution, which stipulation was duly given and the said Genez discharged from arrest.

Genez having assigned to the plaintiff any cause of action which he might have upon the undertaking above mentioned, this action was brought thereon in the Marine Court, and a judgment recovered. From that judgment an appeal was taken to the general term of that court, where the judgment was reversed and a new trial granted. From this order the plaintiff appealed to this court.

*John O. Mott,* for appellant.

*Christopher Fine,* for respondent.

VAN BRUNT, P. J.—[After stating the facts as above.]— The ground upon which the appellant bases his appeal is, that although the plaintiff's assignor stipulated not to sue for false imprisonment or malicious prosecution, he did not release any right of action upon the undertaking which he had acquired by reason of the vacatur of the order of arrest. That the setting aside of the order of arrest was a final decision within the terms of the undertaking, that the plaintiff was not entitled to the order of arrest, seems to me to be certain, because it is the only determination which can be made where the ground of the arrest is upon facts outside of the cause of action, as were the facts in the case at bar.

The undertaking carefully distinguishes between cases where the nature of the cause of action gives the right to the order of arrest, and the cases where the order of arrest is obtained upon facts outside of the cause of action.

Schuyler *v.* Englert.

In the one case the right to the order of arrest is deter-- mined by the fact that the plaintiff obtains judgment, and in the other, although the plaintiff may obtain judgment, he may not be entitled to the order of arrest.

In the latter cases, the right to the order is determined upon motion, and if the order is set aside upon a motion, and the order entered setting aside the order of arrest is not vacated or reversed, it is finally decided that the plaintiff is not entitled to the order of arrest, and the condition of the undertaking is fulfilled.

But a more serious point is raised by the stipulation not to sue.

It is claimed by the appellant that although his assignor stipulated not to sue for false imprisonment or malicious prosecution, he did not release any cause of action which he had upon the undertaking given upon the order of arrest.

A brief examination of the position of the plaintiff's assignor, will, I think, show that this position cannot be maintained.

His stipulation was not to sue for false imprisonment or malicious prosecution. If he brought such a suit, what would he bring the suit for? The answer is obvious : to recover damages. Therefore, in stipulating not to sue for false imprisonment or malicious prosecution, he has stipulated not to bring any suit to recover damages by reason of the false imprisonment or malicious prosecution, and notwithstanding this stipulation, his assignee has recovered damages against the plaintiff in the action, the very person whom he agreed not to sue to recover such damages. It is true that the proof in an action for false imprisonment or malicious prosecution varies from that which would be offered in an action upon the undertaking, but the damages recovered in the former action would include those which could be recovered in a suit upon the undertaking, and would be established by the same proof. The plaintiff's assignor having stipulated not to sue for any damages caused by the false imprisonment or malicious prosecution, it is difficult to see by what right he can sue to recover a part of that which he agreed not to sue for, by merely changing the form of action.

· Just as well when a plaintiff had a cause of action arising from the conversion of his goods, and for a good consideration he had executed an agreement not to sue for the conversion of his goods, might he claim to sue for the value of the goods upon the implied contract.

The plaintiff's assignor having stipulated not to sue for any damages arising from the false imprisonment or malicious prosecution, and the amount recovered in this action being a legitimate part of such damages, no such recovery should have been had.

The order of the general term granting a new trial must be affirmed, and judgment absolute given to the defendants upon the stipulation, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.

Order affirmed and judgment absolute ordered for defendants, with costs.