RICHARD P. ROTHWELL, Respondent, *against* AUGUSTUS G. PAINE *et al.*, Appellants.

(Decided February 1st, 1886).

An order of arrest against defendants in an action, which stated as the grounds of arrest the perpetration of a fraud upon plaintiff by defendants, and a breach of trust, and failure by defendants to pay over moneys received by them in a fiduciary capacity, was vacated on motion. At the trial of the action plaintiff's counsel consented to strike from the complaint charges of fraud, leaving in the complaint only a cause of action for money had and received in a fiduciary capacity, and for an accounting in regard to the same. *Held*, that the plaintiff's right of action upon the undertaking given upon arrest was complete, although the order amending the complaint, upon the consent so given, was not entered until after his action was brought; and the fact that the complaint was amended without the consent of the sureties was not a defense as to them in such action.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court

entered upon the verdict of a jury and an order denying a motion for a new trial.

The facts are stated in the opinion.

*Edward M. Shepard*, for appellants.

*Abram Kling*, for respondent.

BOOKSTAVER, J.—The action was brought to recover damages on an undertaking executed by the defendants, as sureties, upon the granting of an order of arrest against the plaintiff, in an action brought against him by one Tuttle, in the Superior Court of the City of New York.

The ground for arrest, as stated in the order, is " the perpetration of a fraud on the plaintiff by the defendants, and a breach of trust, and failure by the defendants to pay over moneys received by them in a fiduciary capacity."

Under this order the plaintiff was arrested and gave bail. Afterwards the order of arrest was vacated on motion, and an appeal having been taken to the General Term, the order vacating the order of arrest was affirmed on the 2d of June, 1883; and the plaintiff in that action has apparently acquiesced in such affirmance.

The ground on which the order of arrest was vacated does not appear from the record. Although the complaint, as it then stood, did not in terms set forth several causes of action, the Superior Court may have held that three distinct causes of action were, in reality, contained in it: one for fraud, another for money had and received in a fiduciary capacity, and a third for an accounting: that is, one in which the nature of the cause of action gives the right to the order of arrest; one in which the right to the order of arrest depends on facts extrinsic to the cause of action; and a third, in which ordinarily no order of arrest could be obtained; and because they were joined in one action, no order of arrest would lie, under *Madge* v. *Puig* (71 N. Y. 608); *American Union Tel. Co.* v. *Middleton* (80 N. Y. 408);

*Young* v. *Weeks* (7 Daly 115); *Smith* v. *Knapp* (30 N. Y. 581), and other cases; or it may have been because the undertaking given by these defendants, upon the order of arrest, was several, and not joint and several. But it is not necessary for us to determine on what ground the order of arrest was set aside; nor whether it was properly vacated. It is certain that the Superior Court finally decided that the plaintiff in that action was not entitled to the order of arrest, and one of the two contingencies in the undertaking happened, which gave the plaintiff in this action a right of action against the defendants.

In arriving at this conclusion, we do not overlook *Schuyler* v. *Englert* (10 Daly 463); nor *Staabe* v. *Shupe* (N. Y. Daily Register, November 17th, 1884). These properly decided that, in cases where the nature of the cause of action gives the right to the order of arrest, this right is determined by the fact that the plaintiff obtains judgment; and the right to sue on the undertaking does not arise until final judgment, as is the case in undertakings upon injunction.

The complaint, in the Superior Court action, mingled several causes of action; and that court, for reasons that do not appear, finally decided that the plaintiff in that action was not entitled to the order of arrest. We cannot review the decision of that court, and it must be deemed to be the law as between the parties to that action and their privies.

But this action was not prematurely brought, for another cause. The Superior Court action came to trial on the 7th day of November, 1883; the counsel for the defendants moved that the plaintiff be compelled to elect on which of three causes of action, alleged to be in the complaint, he would rely; and thereupon, in open court, apparently without the order of the court, he consented to strike out from the complaint the 6th and 7th clauses, and a part of the 9th, which entirely eliminated the charges of fraud, and left only an action for money had and received in a fiduciary capacity, and for an accounting in regard to the same.

The defendants' attorney did not consent that the part of

Rothwell v. Paine.

the 9th clause of the answer should be stricken out at that time ; but on the 12th of December, 1883, after the commencement of this action, it was stricken out on motion, as irrelevant and immaterial.   If it was irrelevant at any time, and could be stricken out, it must have been so immediately on giving the consent to strike out the 6th and 7th clauses of the complaint, and consequently did not present any charge of fraud for trial.

The consent striking out the allegations of fraud, excepting the irrelevant ones in the 9th clause, was made in open court, and became a part of its record.   Both the court and the parties to the action acted on it by proceeding with the trial.

On the 23d of November, 1883, an order was entered at trial term in the Superior Court, before the same justice who tried the cause, reciting the consent or stipulation before mentioned, and amending the complaint in pursuance thereof.   This was merely declaratory of the effect of the consent given on the trial, and added no new force or effect to such consent.

The cause of action for fraud having been eliminated from the case, by consent, in open court, on the 7th of November, 1883, and it having been finally decided that the plaintiff was not entitled to the order of arrest before that time, it follows that, in any view of the case, the present plaintiff's right of action was complete when he commenced this action on the 12th of November, 1883.

The minutes of trial in the Superior Court action, and the orders of November 23d and December 12th, 1883, the papers on which they were founded, and the final amended complaint, were admitted in evidence, to show that the cause of action founded on fraud had been abandoned on the 7th of November, 1883, and before the commencement of this action ; and as the complaint expressly avers this, and it was one of the issues in the case, we think they were properly admitted.

The defendants must be held to have executed the undertaking, in contemplation of the right of the Superior Court

to make its own record and to amend the pleadings in the action, by consent or in any other lawful manner; and the fact that the complaint was amended without their consent cannot avail them.             o

The fact that the undertaking was several, and not joint and several, does not relieve the defendants. They have been sued severally, according to the terms of their undertaking.

The judgment should be affirmed, with costs.

LARREMORE, Ch. J., and ALLEN, J., concurred.

Judgment affirmed, with costs.