# CITY COURT OF NEW YORK.

## RICHARD .P. ROTHNELL agt. AUGUSTUS G. PAINE et al.

*Order of arrest — Undertaking on — When sureties liable — Code of Civil Procedure, sections* 549–559.

Where an order of arrest is obtained in an action where the cause of action and cause of arrest are identical, and the order of arrest is vacated on motion, and the plaintiff on the trial withdraws by stipulation the allegations of fraud from the complaint.

*Held,* that the order vacating the order of arrest became the final decision that the plaintiff in said action was not entitled to the order of arrest, and an action was maintainable upon the undertaking for damages sustained by reason of the arrest.

*General Term, February* 1886.

*Before* MCADAM, *C. J., and* HALL, *J.*

*Abram Kling,* for respondent.

*Edward M. Sheppard* and *James H. Fay,* for appellants.

HALL, *J.*—This is an appeal from a judgment in favor of plaintiff entered upon the verdict of a jury at trial term and from an order denying defendants' motion for a new trial upon the minutes and exceptions.

The action is brought upon an undertaking executed by defendants as sureties in an action in the superior court of the city of New York, wherein James P. Tuttle was plaintiff and the plaintiff herein was defendant, and was given in pursuance of the requirements of the Code of Civil Procedure to procure an order of arrest against the plaintiff herein.

The condition of the undertaking is that "if the defendant in the said action do recover judgment therein, or if it is finally decided that the plaintiff is not entitled to the order of arrest, the plaintiff will pay," &c.

The cause of action recited in the undertaking is breach of trust and fraud, and the cause of action and the cause of arrest are identical.

The order of arrest was vacated upon motion, and an appeal having been taken to the general term of the superior court, the order vacating said order of arrest was affirmed.

The action in the superior court was brought to trial on the 7th day of November, 1883. The counsel for defendant in that action moved that the plaintiff be called upon to elect which of the three causes of action set forth in the complaint the plaintiff relied upon, and thereupon the plaintiff's counsel consented to strike out from the complaint the sixth and seventh clauses and part of the ninth clause.

An examination of the original complaint shows, that by striking out the portions thereof above mentioned, the charges of fraud would be entirely eliminated, and the action would be one for money had and received in a fiduciary capacity, and for an accounting in regard to the same.

The trial of the superior court action was had upon such election and stipulation, except that the defendants' counsel withdrew his consent to strike out part of the ninth clause, and I suppose no verdict was reached, as I find no record of any in the case.

On the 23d of November, 1883, an order was entered at trial term in the superior court before the same justice who tried the cause, reciting the stipulation made by the attorney for the plaintiff, and amending the complaint in pursuance thereof by striking out the sixth and seventh clauses, and in other unimportant particulars. No motion was made to set aside that order, nor was an appeal taken therefrom.

This left in the complaint the words in the ninth clause which plaintiff's counsel had consented to have stricken out upon the trial, but which the defendant's counsel had not consented to at that time.

And on the 12th day of December, 1883, an order was made on motion of the defendants' attorney in that action, and op-

posed by plaintiff's attorney therein, striking out from the ninth clause of the complaint the portion thereof, charging fraud on the part of the defendant in inducing plaintiff to part with the shares of Gatling stock as irrelevant and immaterial, and no appeal has been taken from that order, but an amended complaint was served omitting all allegations of fraud.

This action upon the undertaking was commenced in this court on the 12th day of November, 1883, being after the trial of the superior court action and the election and stipulation made therein by plaintiff's attorney, but before the entry of either of the orders amending the complaint.

Upon the trial of this action the court held that the plaintiff was entitled to a verdict, and instructed the jury to fix the amount of damages, and the jury awarded plaintiff $1,000.

The exceptions taken by defendants' counsel upon the trial, and the points upon the argument of this appeal embrace several propositions of law, either one of which, if sustained, would necessitate a reversal of the judgment. The questions raised may be briefly stated as follows:

*First.* That the form of the undertaking is not in accordance with the statute, being several instead of joint and several.

*Second.* That at the time of the commencement of this action the plaintiff had no cause of action, because there had been no final decision that the plaintiff in the undertaking was not entitled to the order of arrest, and that the cause of action and cause of arrest being identical, there could be no final decision upon that question until the trial or discontinuance of the action.

*Third.* That the orders of the superior court made on the 23d of November and 12th of December, 1883, amending the complaint in that action by eliminating therefrom all questions of fraud, if they could in any event be considered to amount to a final decision that the plaintiff in that action was not entitled to the order of arrest could have no retroactive effect, and as they were not made until after this action was commenced, they gave no new rights to the plaintiff herein, and that he must

Rothnell agt. Paine *et al.*

stand or fall upon the facts as they existed at the time of the commencement of this action; and

*Fourth.* That the amendments to the complaint in the superior court action were not pleaded in this action, and that, therefore, evidence in regard to such amendments was inadmissible upon the trial.

It is an elementary principle and needs no citation of authorities, that the sureties upon an undertaking can be held liable only upon the contract which they have made, and that any variation of the contract without the consent of the sureties would release them.

But the defendants executed the undertaking upon which this action is brought, agreeing to pay damages in case the defendant in the undertaking recovered judgment, or in case it was finally decided that the plaintiff was not entitled to the order of arrest. Upon the happening of either of those events, the liability of the defendants herein became fixed and determined. There was no agreement or understanding that those events should be brought about in any particular manner, as by a judgment in favor of defendant upon a trial, or by a discontinuance or dismissal of the action, or by motion, and if those events, or either of them, have come to pass before the commencement of this action the defendants are liable.

The defendants must be held to have executed the undertaking in contemplation of the right of the superior court to make its own record and to amend it in any lawful manner, and if the order of the superior court, at special term, setting aside the order of arrest, and which was affirmed at general term, together with the election and stipulation of the attorney for the plaintiff upon the trial of the action in that court, and the orders of November 23d and December 12, 1883, all taken together, constitute a final decision that the plaintiff in that action was not entitled to the order of arrest, there can be no question but the plaintiff can maintain this action.

If the question were new or open to discussion, I should be inclined to say that even in a case where the cause of action and

Rothnell agt. Paine *et al.*

the cause of arrest were identical, that an order of the court dis-
charging the order of arrest, especially if affirmed on appeal,
would be a final decision that the plaintiff was not entitled to
the order of arrest, otherwise there could be no need, in such an
action, of having the two contingencies mentioned in the under-
taking.  The use of the disjunctive or, would seem to indicate
that the defendant in the undertaking had two separate ways of
determining the liability of the sureties—one by the trial of the
action, the other by moving to discharge the order of arrest.
It is a rare occurrence for an order of arrest, in such an action,
to be discharged upon motion, and the facts justifying such a
course must be very strong and convincing, the courts rather
preferring to have the entire question passed upon at the trial;
but still cases do arise, and this appears to have been one of
them, in which, although the cause of action was the same as
the cause of arrest, the defendant was able to convince the court,
upon a motion, that the plaintiff was not entitled to the order of
arrest, and had not been guilty of the fraud charged.

But in the case of *Staab* agt. *Shupe*, decided by the general
term of this court, and reported (1 *How.* [*N. S.*], 4), it was held,
following an intimation in the case of *Schuyler* agt. *Englert* (10
*Daly*, 463), that in a case where the cause of arrest and the
cause of action were the same, no action could be maintained
upon the undertaking until the final determination or decision
upon the matters upon which the order of arrest was granted,
and that an order setting aside the order of arrest was not alone
a final decision that the plaintiff was not entitled to the order of
arrest; we are, of course, bound by this decision, and it remains
only to inquire whether the proceedings in the superior court
upon the trial of the action, taken together with the order dis-
charging the order of arrest, constitute a final decision that
plaintiff in that action was entitled to the order of arrest.

The gravamen of the original complaint in the superior court
action was fraud, but after the discharge of the order of arrest
and upon the trial of the action the plaintiff's counsel consented,
and elected to strike out from the complaint all the allegations

of fraud. Defendants' counsel did not consent to have stricken out the allegations in the ninth clause charging the defendant therein was guilty of fraud in inducing plaintiff to part with his 749 shares of stock, &c., and the case went to trial upon the complaint as thus amended, but no formal order was entered at that time amending the complaint.

It must be conceded that if the orders which were subsequently made amending the complaint had been made upon the trial of the superior court action, or before the commencement of this action, the plaintiff's cause of action would have been complete, because the allegations of fraud having been withdrawn, there was no such issue remaining, and the order of the general term affirming the order discharging the order of arrest would then have been a final decision that plaintiff was not entitled to the order of arrest, and in fact would have been the only decision which could have been made upon that matter. The trial of the action could only decide a question of contract, and not of fraud, and the discharge of the order of arrest would be the final decision, precisely as if the arrest had originally been made on facts aljunde the complaint.

It cannot be seriously contended that because the plaintiff in the superior court action elected to eliminate the question of fraud, and thus prevented a trial of that issue, the undertaking became absolutely void because no final decision could be had. If such a claim was sound in law or reason, it would furnish a very convenient and speedy mode of releasing sureties upon undertakings, but one which would hardly be acceptable to the defendant who had been arrested.

But it is not necessary in any event that an actual trial of the issue of fraud should be had, unless the plaintiff in the action so elects. If he suffered a default or discontinued the action there would be no trial of that issue, but still the sureties would be liable on the undertaking.

The order of the superior court of November 23d was merely recording upon the files of the court what had taken place upon the trial. It was nothing new, but was simply declaratory of

Rothnell agt. Paine *et al.*

the former proceeding of the court, and completed and established the record of that transaction. The order recites the stipulation made upon the trial, and relates back to the date of the trial and has the same effect as if made at that time.

The order of December 12th simply struck out from the ninth clause the statement in regard to fraud as irrelevant and immaterial, and the order so declares.

The court says in effect the charge of fraud was waived and stricken out upon the trial, and the cause of action was to recover the proceeds of the 10,700 shares of Canada Consolidated Mining Stock, thus affirming the conversion of the 749 shares of the Gatling stock into said 10,700 shares of mining stock, and, therefore, a charge of fraud in obtaining said 749 shares had no place in the complaint. If it was immaterial or irrelevant to the cause of action it did not present any charge of fraud for trial, and the order striking it out relates back to the time of the trial, because if it was irrelevant when stricken out it had always been so, and the order of the court merely recorded it.

The facts upon which this action could be maintained existed at the time of the trial of the superior court action, but the evidence was the record as that court made it.

A parallel case to this would be an action to recover an installment of rent due under a lease. A trial is had and the lease is decided to be void in law; an appeal is taken, and pending the appeal an action is commenced to recover another installment of rent under the same lease; certainly at the time the second action was begun the plaintiff would have no cause of action as there has been an adjudication that the lease is void, but if upon the appeal in the first action the judgment is reversed, the reversal would relate back to the time of rendering the first judgement, and the second action could then be maintained, notwithstanding the fact that at the time it was commenced there was no cause of action.

The claim of defendants' counsel that the undertaking being only several instead of joint and several and therefore void,

cannot be sustained, the defendants can hardly complain that their liability is less than the requirement of the statute, and it is not sought to hold them jointly in this action.

The defendant in the superior court action might have complained that the bond was not according to law, and had it corrected, or, perhaps, had the order of arrest vacated on that ground; but it does not come with good grace from defendants to say that they have given a worthless bond upon which the defendant was arrested and then claim exemption from liability.

The amendment of the complaint in the superior court action is sufficiently pleaded in the complaint herein to admit the orders of amendment in evidence, and if not, the complaint may be now amended to conform to the proof.

The judgment and order denying motion for a new trial must be affirmed, with costs to respondent.