### SQUIRE v. McDONALD et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

ARREST IN CIVIL CASES—RIGHT TO ORDER—FINAL DECISION.

An order vacating an order of arrest issued against a defendant in conversion, which has become final by lapse of time within which an appeal therefrom should be taken, is a final decision that plaintiff in the conversion suit was not entitled to the order of arrest, though the action may result in a

judgment for plaintiff, and though, because of the identity of the cause for arrest with the cause of action, such a judgment would imply that plaintiff was entitled to an order of arrest.

Appeal from trial term.

Action by Newton Squire against Peter H. McDonald and others to recover on an undertaking given to obtain an order of arrest, pursuant to the provisions of Code Civil Proc. § 559. From a judgment for plaintiff, entered upon a verdict directed by the court, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Kenneson, Crain & Alling, (T. D. Kenneson, of counsel,) for appellants.

William R. Wilder, for respondent.

BISCHOFF, J. ·Plaintiff sued upon an undertaking given to obtain an order for his arrest in an action by one Homer Lee, pending in the supreme court, to recover damages for the alleged conversion of personal property, which was to the effect required by section 559 of the Code of Civil Procedure, that "the plaintiff will pay all costs which may be awarded to the defendant, and all damages which he may sustain by reason of the arrest," not exceeding the amount specified, "if the defendant recovers judgment, or if it is finally decided that the plaintiff was not entitled to the order of arrest." At the time of the commencement of this action the supreme court action remained undetermined, but the order of arrest therein had, on motion, been duly vacated and set aside on the merits, and an order to that effect entered, which, by expiration of the time limited for appeal therefrom, had become final. Appellants' only contention against the validity of the judgment appealed from is that the action on the undertaking was prematurely brought, because no final decision had been had that plaintiff in the supreme court action was not entitled to the order of arrest therein invoked, and that his right to the order of arrest may yet be determined, if the last-mentioned action should eventuate in a judgment in plaintiff's favor, since the cause for arrest arises under section 550 of the Code of Civil Procedure, and is identical with the cause of action. This contention, however, disregards the clear import of the language of the undertaking. It is not that the plaintiff therein named will pay if it is finally decided that he was not entitled to an order of arrest, but that he will pay if it is finally decided that he was not entitled to the order of arrest. Which order of arrest? Plainly, the one invoked, and with immediate reference to which the undertaking· was given. This was vacated on the merits, and cannot be reinstated by an eventual judgment for plaintiff in the same action, though·such a result would determine that plaintiff was entitled to an order of arrest. There can, of necessity, therefore, be no distinction concerning the finality of the decisions that plaintiff was not entitled to the order of arrest, between orders vacating an order of arrest on the merits, the time to appeal from which has lapsed, because in the one instance the cause for arrest was collateral to the cause of action, and in the other it was identical therewith. Code Civil Proc. §§

549, 550. Nor has the question under discussion been determined at variance with the views above expressed in the cases cited on appellants' behalf. Schuyler v. Englert, 10 Daly, 463, and Rothwell v. Paine, 9 Civil Proc. R. 128. In neither was the question before the court for review. Both were apparently cases wherein the cause for arrest was collateral to the cause of action,—the former actually, and the latter constructively, so; and whatever the court may have said in its opinions concerning cases wherein the cause for arrest and the cause of action were identical was dicta, merely, and without the force of decision.

The judgment appealed from should be affirmed, with costs. All concur.