(20 App. Div. 546.)

### ALLAIRE et al. v. KALFON et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. UNDERTAKING ON ARREST—LIABILITY OF SURETIES.
   A bond on obtaining an order of arrest was conditioned for payment of costs and damages if defendant, in an action, recovers judgment, or it is finally decided that plaintiff is not entitled to the order. *Held*, that where, in an action for libel, defendant is arrested, and the order of arrest was vacated, and such order was affirmed on appeal by the court of last resort, defendant could sue on the bond without waiting the final judgment on the merits of the action.

2. ARREST—VACATING ORDER.
   Where an order vacating an order of arrest shows that the pleadings and affidavits on both sides were read on the motion, and there is nothing to indicate that the motion was based upon any irregularity, the presumption is that the order of arrest was vacated on the merits.

Appeal from appellate term.

Action by John T. Allaire and others against Moses Kalfon and others. From an interlocutory judgment in favor of plaintiffs, on a decision overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Abraham L. Fromme, for appellants.

E. H. Benn, for respondents.

WILLARD BARTLETT, J. The appellants are sued upon an undertaking which they gave in order that the respondents might be arrested in a civil action for libel, brought against them in the city court of New York by one Bernard Kreizer. Thereby the sureties did "jointly and severally undertake that if the defendants in the action do recover judgment therein, or if it is finally decided that the plaintiff is not entitled to the order of arrest, the plaintiff in said action will pay all costs which may be awarded to the said defendants, and all damages which they may sustain by reason of the arrest in said action, not exceeding the sum of two hundred and fifty dollars." The order of arrest was vacated upon motion at a special term of the city court. The order of the special term was affirmed at general term. 35 N. Y. Supp. 1110. An appeal was then taken to the appellate term of the supreme court in New York, which is the tribunal of last resort in such cases, and there the appeal was dismissed. 37 N. Y. Supp. 687. The respondents rely upon this disposition of the order of arrest as a final decision that Bernard Kreizer, the plaintiff in the city court action, was not entitled to such order.

The appellants, on the other hand, contend that in a libel suit, where the right to arrest depends upon the nature of the action, it cannot be finally decided that the plaintiff was not entitled to the order of arrest until the action itself is determined, and hence that the complaint upon the undertaking is insufficient, because it does not allege that the defendants in the libel suit (the respondents Allaire) have recovered judgment therein.

I think that the complaint sets out a cause of action. The conditions which are to render the sureties liable are stated in the undertaking in the alternative. One is the rendition of judgment in favor of the party arrested. The other is a final decision that the plaintiff was not entitled to the order of arrest. When the order of arrest has been vacated, and the highest tribunal to which any appeal lies has affirmed the vacatur, it certainly must be deemed "finally decided that the plaintiff is not entitled to the order of arrest," within the meaning of the alternative provision of the undertaking. The order of arrest is then gone forever, though the litigation itself may last for years; and it is gone by virtue of an adjudication from which there is no further appeal. Substantially the same question has been decided in the same way by the general term of the court of common pleas in New York, in the case of Squire v. McDonald, 2 Misc. Rep. 422, 21 N. Y. Supp. 1025, where it is held that an action upon the undertaking will lie when the order of arrest has been vacated upon the merits, and the time to appeal has expired. The cases of Schuyler v. Englert, 10 Daly, 463, and Rothwell v. Paine, 9 Civ. Proc. R. 128, upon which the appellants here rely, are there cited in the opinion of Bischoff, J., who points out that they contain merely dicta so far as they tend to support a conclusion adverse to that at which he and his associates then arrived in Squire v. McDonald, supra. It is said, however, that the case last cited differs from that at bar by reason of the fact that the complaint before us does not show that the order of arrest was vacated upon the merits. I do not think the difference is essential. The order of the special term of the city court, which is attached to the complaint, and made a part thereof, shows that the order of arrest was vacated and set aside upon a motion whereon were read the pleadings and affidavits on both sides; and there is nothing to indicate that the motion was based upon any irregularity. Under these circumstances, I think the presumption is that the order was vacated on the merits. This presumption would be strengthened if we were at liberty to take into consideration a memorandum report of the affirmance by the general term, where it is said:

"Per Curiam. The order of the special term justice is affirmed, for the reason that the complaint and other papers used upon this motion, and upon which the order of arrest was granted, disclose no cause of action against defendants." Kreizer v. Allaire, 14 Misc. Rep. 653, 35 N. Y. Supp. 1110.

The interlocutory judgment should be affirmed, with costs, but with leave to the defendants to answer on payment of costs. All concur.