## SILVERSTEIN v. RUGIERO et al.

(Supreme Court, Appellate Term.   June 28, 1899.)

ARREST—VACATUR—ACTION ON BOND.

An order vacating an order of arrest, which has become final by expiration of time for appeal, is a final decision that plaintiff was not entitled to the order vacated, authorizing action on the bond given by plaintiff, though the subsequent judgment may be for plaintiff and establish the right to an order of arrest.

Appeal from city court of New York, general term.

Action by Jacob Silverstein against Francesco Rugiero and Asad Milki.   From a judgment of the general term affirming a judgment for plaintiff (57 N. Y. Supp. 1147), defendants appeal.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Charles G. F. Wahle, for appellants.

A. Pincus, for respondent.

LEVENTRITT, J.   In the month of May, 1898, an action in which one Joseph Oussani was plaintiff and one Louis Olff defendant was instituted in the city court to recover damages for injury to property. An order of arrest was issued in that action.   The defendants herein executed the requisite undertaking, whereby they jointly and severally undertook "that if the defendant in the said action recovers judgment therein, or if it is finally decided that the plaintiff is not entitled to the order of arrest, the said plaintiff in said action will pay all costs which may be awarded to the said defendant and all damages which he may sustain by reason of the arrest in said action, not exceeding the sum of two hundred and fifty dollars."   Louis Olff having been arrested, a motion to vacate the order of arrest was made on the ground that the papers on which it was founded were "wholly insufficient."   The argument of the motion resulted in a vacatur of the order.   After the expiration of the time to appeal therefrom, but before the trial of the action in which it issued, the plaintiff, as assignee of Olff, brought this action on the undertaking of the defendants for the damages sustained by reason of the arrest.   The only item of damages for which recovery was sought was for counsel fees in connection with the motion.   Upon proof of their fair and reasonable value, the jury rendered a verdict in the sum of $100.   From the affirmance of the judgment entered thereon this appeal is taken.

The main question urged by the appellants is that the action was prematurely brought, because there has been no final disposition of Oussani's right to the order of arrest, and that not until judgment in the original action would it be finally decided that Oussani was not entitled thereto.   The precise question here involved has recently been determined adversely to the appellants' contention in two cases arising out of a state of facts not distinguishable from those in the case at bar.   Squire v. McDonald, 2 Misc. Rep. 422, 21 N. Y. Supp. 1025; Squire v. Senia, 2 Misc. Rep. 577, 21 N. Y. Supp. 1027.   In Squire v. McDonald the language of the undertaking was identical with

that in the case before us, and the court, considering the appellant's argument that the cause of action had not accrued, because no final decision had been had, said:

"This contention, however, disregards the clear import of the language of the undertaking. It is not that the plaintiff therein named will pay if it is finally decided that he was not entitled to an order of arrest, but that he will pay if it is finally decided that he was not entitled to the order of arrest. Which order of arrest? Plainly the one invoked and with immediate reference to which the undertaking was given."

No judgment which might be recovered in the original action could establish that Oussani was entitled to the vacated order of arrest. After the disposition of the motion, the question of the sufficiency or deficiency of the papers could be decided only by an appeal from the order setting aside the arrest, and the omission of Oussani to take an appeal made the original order the final determination that he was not entitled to that order of arrest. The verdict of a jury, while it might have established the right to an order of arrest, could not revive the order of arrest improperly granted on account of defective papers. Of the cases cited by the appellants, two have been clearly distinguished in Squire v. McDonald, supra, while the third (Staab v. Shupe, 1 How. Prac. [N. S.] 4) contains a most forcible argument in support of the view here adopted, although the court felt constrained to follow mere language of a higher court at variance with its own reasoning. Both principle and authority support the conclusion that, when the plaintiff instituted this suit, the cause of action had accrued.

The appellants also urge as a ground for reversal that the assignment, having been made in anticipation of the setting aside of the order of arrest, did not vest in the plaintiff a subsequently accruing cause of action. Even had this objection been urged below, it would have been unavailing, as we think the assignment broad enough to transfer to the plaintiff herein any beneficial interest Olff might have had in the undertaking. The judgment should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.