RUTHERFORD v. KRAUSE et al.

(Supreme Court, Appellate. Division, Third Department. November 21, 1899.)

1. EVIDENCE—DECLARATIONS.
   One of the main issues in an action for injuries to plaintiff's team and carriage when taken on a trip by defendants was whether one of them hired the same of plaintiff. *Held*, that testimony of this defendant in his own behalf to a conversation with a co-defendant prior to the trip, and in the absence of plaintiff, to the effect that his co-defendant hired the team himself, and invited him to go with him, was incompetent.

2. SAME—HARMLESS ERROR.
   Such testimony could not be said not to have influenced a verdict in his favor.

3. SAME.
   Declarations of his co-defendant, made in plaintiff's absence, that he had hired the team, were incompetent.

Appeal from trial term, Delaware county.

Action by James Rutherford against Leopold Krause, impleaded with John Geldrich and others. From a judgment entered on a verdict for defendant Krause and an order denying a new trial plaintiff appeals. Reversed, and new trial granted.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Robert T. Johnson, for appellant.

George W. Youmans, for respondents.

MERWIN, J. One of the main issues in this case was whether the respondent Krause was one of the parties who hired of plaintiff the team and carriage, for injuries to which, on a trip taken by the defendants, the action was brought to recover damages. The respondent Krause was permitted, over the objection and exception of plaintiff, to testify in his own behalf to a conversation between himself and the defendant Geldrich, prior to the trip, and in the absence of the plaintiff, to the effect that he (Geldrich) hired the team himself, and invited Krause to go with him. This evidence was incompetent, and we cannot say that it did not affect the result. The respondent was also allowed, upon the cross-examination of the witness Martin, and over the objection and exception of plaintiff, to prove declarations of defendant Geldrich that he had hired the team. Martin had not testified to anything on his direct examination that made this proper as cross-examination. These declarations were not .competent against plaintiff. He was not present. For these errors the judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.