(37 Misc. Rep. 382.)

### KRAUSE v. RUTHERFORD et al.

(Supreme Court, Trial Term, Delaware County. March, 1902.)

1. ARREST—DISCHARGE—ACTION ON UNDERTAKING.

    Where an undertaking has been given on an order of arrest granted in a civil action affording indemnity to several defendants, one of them, who has been imprisoned under the order, may, on its vacation as to him, sue, without joining the other indemnitees as plaintiffs or defendants.

2. SAME—DEMAND.

    Where an order of arrest in a civil action is discharged, an indemnitee who was imprisoned may sue on the indemnity bond without demand.

3. SAME—DAMAGES.

    In an action on the indemnity bond by one arrested under a civil process, which is discharged as to him, the measure of damages is payment for the time lost and expenses, but nothing for injury to his person.

Action by Leopold Krause against James R. Rutherford and others. Judgment for plaintiff.

George W. Youmans, for plaintiff.
Robert T. Johnson, for defendant Rutherford.
Marvin & Hanford, for defendants Smith and Wood.

FORBES, J. This action is to recover on an undertaking executed by James R. Rutherford as principal, with the defendants Smith and Wood as sureties for said Rutherford. The undertaking was given to obtain an order of arrest against several defendants named therein, charged with criminal negligence in overdriving and injuring a team of horses owned by the defendant Rutherford. James R. Rutherford was the plaintiff in the original action against the present plaintiff, who was one of the defendants in said action. The plaintiff was taken by the sheriff, upon said order of arrest, and was imprisoned from June 21 to November 14, 1893, in the county jail at Delhi, N. Y. While he was so confined, a motion was made to discharge him from such imprisonment; to vacate and set aside the order of arrest. The motion was granted on the papers originally used to obtain said order. Subsequent to that time, an order to show cause was granted by Mr. Justice Sewell, from whom the former order to vacate had been obtained, and, after a hearing, that motion was denied. From this last order no appeal,

was taken. The plaintiff Krause at once commenced an action on said undertaking against these defendants as principal and sureties. That case was brought on for trial, and a judgment was obtained in favor of this plaintiff for $250. An appeal was then taken from that judgment, and an order denying a new trial, to the appellate division, and that judgment and the order were reversed. Krause v. Rutherford, 45 App. Div. 132, 60 N. Y. Supp. 1047.

On this trial several questions were raised which were not presented upon the former trial, and were not raised or considered in the appellate division. First, the defendants insist that the bringing of the action was premature; second, that all the defendants, in whose favor the indemnity was given under the original undertaking, on the order of arrest, should have been joined as parties, either as plaintiffs or as defendants, in this action; third, that, a judgment having passed in favor of the plaintiff Rutherford, in his action, against any of the defendants in the original action, an action upon the undertaking given on the order of arrest cannot be maintained by this plaintiff, in its present form. The undertaking in that action was a joint and several indemnity to the defendants therein, as a careful reading of that obligation will show. The vacation of the order of arrest in no manner changed the position and relations of the other defendants in that action. The order of arrest was set aside and vacated only as to, and at the instance of, this plaintiff. The defendant Rutherford having subsequently procured a judgment in his favor against John Geldrich, one of the defendants in his action, he has judicially established the fact that he was entitled to the order of arrest as against that defendant. Rutherford v. Krause, 45 App. Div. 172, 60 N. Y. Supp. 1050. It is undoubtedly true that the the bond or undertaking cannot be extended by implication against the sureties beyond its legitimate scope; and it must be strictly construed as an indemnity according to the terms and conditions of the undertaking—the obligation—entered into. It is equally true that, upon a breach of the contract of indemnity, the indemnified has the right to enforce the full obligation of the undertaking, according to its terms and its intent; since it was given for the plaintiff's benefit and protection, and to enable him to enforce a remedy to which he would not otherwise be entitled. All must, therefore, stand squarely upon the terms of the obligation. Brandt, Sur. §§ 530, 531; Franklin v. Hunt, 2 Hill, 671; Binsse v. Wood, 37 N. Y. 526; Conner v. Reeves, 103 N. Y. 527, 9 N. E. 439; Foo Long v. Surety Co., 146 N. Y. 256, 40 N. E. 730.

No demand was necessary before the commencement of this action. Wilson v. Field, 27 Hun, 46; Krause v. Rutherford, supra. The covenant of indemnity to this plaintiff was broken when the order of arrest was vacated, and the plaintiff's remedy was then complete. Squire v. McDonald, 2 Misc. Rep. 422, 21 N. Y. Supp. 1025; Silverstein v. Rugiero, 28 Misc. Rep. 139, 58 N. Y. Supp. 1059; Conner v. Reeves, 103 N. Y. 527, 9 N. E. 439; Krause v. Rutherford, supra.

The plaintiff cannot recover for an injury to his person. Bamberger v. Kahn, 43 Hun, 411; Krause v. Rutherford, supra. The

full measure of his damages is an indemnity against necessary time lost, with the costs and expenses incurred in relieving himself from the order of arrest. Tunstall v. Winton, 31 Hun, 231. Standing upon that remedy, the plaintiff was entitled to enforce the terms of the undertaking as soon as the order of arrest was vacated. Silverstein v. Rugiero, 28 Misc. Rep. 139, 58 N. Y. Supp. 1059; Allaire v. Kalfon, 20 App. Div. 546, 47 N. Y. Supp. 969, affirmed in 21 App. Div. 625, 47 N. Y. Supp. 1131.

The plaintiff in this action deducted, upon the trial, the costs which had been paid to his attorney during the time the motions to vacate were being contested. This is the correct practice, when those services are embraced in the complaint. Baere v. Armstrong, 26 Hun, 19; Furber v. McCarthy (Sup.) 12 N. Y. Supp. 794. While the costs usually belong to the party in whose favor they are awarded, still, where the judgment is for costs only, such costs must be regarded as belonging to the attorney. Tunstall v. Winton, 31 Hun, 231; Adams v. Fittings Co. (Sup.) 74 N. Y. Supp. 485; Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572; In re Regan, 167 N. Y. 338, 60 N. E. 658. The question sought to be raised by the defendants, that the indemnity accrued to all of the defendants in the original action, jointly, has no application to the case at bar. First, the indemnity is joint and several; second, no other defendant is entitled to indemnity, so far as the facts upon this trial disclose. What might arise under a different state of facts is quite another question.

I do not see how we are to escape the conclusion that a judgment must be directed in favor of the plaintiff, with costs. Judgment is ordered accordingly.

Judgment accordingly.