BUFFALO SAVINGS BANK, Plaintiff, *v.* THREEINWON REALTY CORPORATION and MARVIN ISRAEL, Defendants.

Supreme Court, Erie County, April 17, 1940.

*Little & Burt*, for the plaintiff.

*William R. Pooley*, for the defendant Threeinwon Realty Corporation.

*George Clinton, Jr.*, for the defendant Marvin Israel.

SWIFT, J.   Upon these motions both the plaintiff and the defendant Israel ask for summary judgment.

The plaintiff, owner and holder of a bond and mortgage, brings this action upon the bond to recover the amount of taxes paid by it.   The defendant Israel is the original mortgagor and obligor, and the defendant Threeinwon Realty Corporation, his grantee, assumed and agreed to pay the mortgage.

The first defense, pleaded by both defendants, is that the action is premature because prior to its inception plaintiff made no demand for repayment of the taxes paid by it.   The mortgage provided that the mortgagor would pay all taxes and in default thereof, the " mortgagee may pay the same."   This " must be construed as meaning  *  *  *  and the mortgagor will repay the same with interest."   (Real Prop. Law, § 254, subd. 6.) ˙ The mortgagor having agreed to repay these taxes, no demand that he perform his contract was necessary before bringing action, and the fact that the original mortgagor occupies now the position of a surety does not entitle him to notice.   (*Krause* v. *Rutherford*, 37 Misc. 382; affd., 178 N. Y. 584.)   Therefore, the allegations in the answers setting up failure to make a demand, constitute no defense, and should be stricken out, and inasmuch as this is the only defense pleaded by the defendant Threeinwon Realty Corporation, plaintiff is entitled to judgment against it.

The defendant Israel also pleads an agreement between his codefendant and the plaintiff extending the time of payment of said bond and mortgage, thereby releasing said Isreal from all liability thereunder.   Both parties have submitted affidavits and

documentary evidence, and claim that no question of fact remains but each asks for judgment. I cannot agree with either party. I think that it is a fair statement of the rule of law that the taking of interest in advance upon a mortgage is *prima facie* evidence of a binding contract to forebear and delay the time of payment. The payment of interest in advance is not of itself a contract, but is evidence of such contract. This evidence may be rebutted and in the absence of any evidence to the contrary it becomes conclusive. (*Becker* v. *Faber*, 280 N. Y. 146; *Kings County Trust Co.* v. *Giovinco*, 266 id. 137; *New York Life Ins. Co.* v. *Casey*, 178 id. 381.)

The question in this case is: When the plaintiff accepted interest in advance from the Threeinwon Realty Corporation, did it agree to forebear? That is to say, were all the elements of a valid agreement present? To answer this question we must determine whether or not the minds of the parties did in fact meet. The defendant offers an affidavit which he claims shows what was in the mind of the party making the advance payment. I am of opinion that no real determination of that question could be made upon this affidavit without a cross-examination of the affiant. The plaintiff offers an affidavit to show that upon its part there was no intention to make an agreement to forebear. Therefore, a question of fact remains for trial. Furthermore, a contract can only be made by competent parties. The plaintiff offers an affidavit to show that the person who received the payment had no authority to make a contract to forebear. The defendant is certainly entitled to a cross-examination of that affiant because many facts and circumstances must necessarily be elicited before there can be a proper determination of his authority to act. The receipt given by the plaintiff which fails to state that the acceptance of the interest before due date does not constitute an extension of the time of payment of the principal, is not conclusive evidence of a contract to forebear, even without the explanation which the plaintiff gives for this failure. The motion to dismiss this answer of the defendant Israel must therefore be denied.

The defendant Israel alleges as a third defense that prior to the commencement of this action he caused to be served upon the plaintiff a written demand for the immediate foreclosure of the mortgage which was then due, and that but for the plaintiff's neglect and refusal to foreclose, the amount due on the mortgage might have been collected out of the property. The plaintiff contends that these allegations do not constitute a defense because a mortgagor cannot compel the mortgagee to foreclose by a demand, his only remedies being to pay the bond and take an assignment,

or to apply to a court of equity to coerce the creditor to collect his debt, citing *Marsh* v. *Pike* (10 Paige Ch. 595).

According to Chancellor KENT (*King* v. *Baldwin*, 2 Johns. Ch. 554), the alleged defense was first recognized by our courts in 1816 in the case of *Pain* v. *Packard* (13 Johns. 174). In criticizing this case the great chancellor said: " I cannot as yet find the evidence, that a surety was ever before held discharged by such means. When the cases all speak of the right of a surety to coerce the creditor to sue, by means of an application to Chancery, they imply, that he cannot do it by merely calling on the creditor or by any notice or act *in pais.*" Despite criticism, the defense was held good in *Huffman* v. *Hulbert* (13 Wend. 377), also in *Herrick* v. *Borst* (4 Hill, 650), where COWEN, J., said: " What principle such a defence should ever have found to stand upon in any court, it is difficult to see. It introduces a new term into the creditor's contract. It came into this court without precedent (*Pain* v. *Packard*, 13 Johns. 174), was afterwards repudiated even by the Court of Chancery (*King* v. *Baldwin*, 2 Johns. Ch. 554) as it always has been both at law and equity in England, but was restored on a tie in the court of errors, turned by the casting vote of a layman." And then he added: " I do not deny that the error has become inveterate; though it has never been treated with much favor."

The defense was held good in *Remsen* v. *Beekman* (25 N. Y. 552) and in *Colgrove* v. *Tallman* (67 id. 95). In *Wells* v. *Mann* (45 id. 327) ANDREWS, J., said: " While the rule has been adhered to in cases strictly analogous, the courts have been disinclined to extend it," while in *Marshall* v. *Davies* (78 N. Y. 414), RAPALLO, J., said: " The defendant Davies having no right to compel the plaintiffs to foreclose the mortgage, it is questionable whether a request to do so would have been of any avail. * * * It is, to say the least, doubtful whether a mortgagor thus situated has any remedy except to protect himself by watching the security; and if he finds that it is becoming impaired by lapse of time and the accumulation of interest and taxes, to take the steps pointed out in *Marsh* v. *Pike* [10 Paige, 595]," but in *Hunt* v. *Purdy* (82 N. Y. 486) the defense was again recognized, FOLGER, Ch. J., declaring: " The doctrine * * * is not a favorite in the law." Since the decision in this last case, the doctrine has been followed several times by the Appellate Division and affirmed by the Court of Appeals. (*De Caumont* v. *Rasines*, 38 App. Div. 153; *Gottschalk* v. *Jungmann*, 78 id. 171; *National Savings Bank of Albany* v. *Fermac Corp.*, 241 id. 204; affd., 266 N. Y. 443.) Despite the strong criticism which our courts have lavished upon this doctrine, they have reluctantly accepted it, and the simple remedy of notice to fore-

close by the mortgagor has in practice superseded the old remedy by a bill in equity to coerce a foreclosure. The doctrine has indeed become " inveterate." The mere notice itself is, of course, not a complete defense to this action. The mortgagor must also show upon the trial that he has been damaged by the neglect of the mortgagee to foreclose the mortgage. ( *National Savings Bank of Albany* v. *Fermac Corp.*, *supra.*) Therefore, so far as this defense is concerned, both motions are denied.

The plaintiff is entitled to an order striking out the defense alleged by both defendants, that the action is premature, and granting it judgment against the defendant, Threeinwon Realty Corporation, but in other respects its motion is denied, and the motion of the defendant Israel is denied.