STEPHEN BASTABLE, Respondent, *v.* THE CITY OF SYRA-
CUSE, Appellant.

To authorize an appeal to this court in a case where the judgment is less
than $500, there must be an order of General Term, as prescribed by
the act of 1874 (chap. 322, Laws of 1874), stating that the case involves
some question of law which ought to be reviewed here. An order
simply giving leave to appeal, without assigning any cause for so doing,
is insufficient,

A reference to an opinion in an action, as reported in the Supreme Court
Reports, is not a substitute for a compliance with the rule of this
court (rule 5) requiring the printing in a case of any opinion of the court
below.

(Submitted December 4, 1877; decided January 15, 1878.)

Appeal from judgment of the General Term of the Su-
preme Court, in the fourth judicial department, affirming a
judgment in favor of plaintiff entered upon a verdict. (Re-
ported below, 8 Hun, 587.)

This action was brought to recover damages alleged to
have been sustained by plaintiff, by reason of the wrongful
diversion and conducting upon plaintiff's premises of surface
water, by defendant in grading its streets.

Plaintiff obtained judgment for $328.42. Upon affirm-
ance by the General Term, an order was granted giving the
defendant leave to appeal to this court, without stating, how-
ever, that the case involved some question of law which
ought to be reviewed here. The opinion of General Term
was not printed in the case.

*M. A. Knapp,* for appellant.

*Geo. K. Collins,* for respondent.

*Per Curiam.* We think this case probably falls within
the principle of *Byrnes* v. *The City of Cohoes* (67 N. Y.,
204). But it does not come before us in such form that we
can review it. The judgment being for less than $500, an

order of the General Term was necessary to authorize an appeal to this court. The form of such order is prescribed by the act of 1874, chapter 322. That act requires that the General Term should make an order stating that the case involves some question of law which ought to be reviewed in this court. The order of the General Term in the present case contains no such statement. It simply gives leave to the defendant to appeal without assigning any cause for so doing. It therefore is not a compliance with the act of 1874.

There is a further irregularity in this case, by which the court has frequently been inconvenienced in other cases, and to which it has several times called the attention of counsel — that is, the omission to print the opinion of the court below, as required by the rule of this court. Instead of printing the opinion, reference is made to it in the points as reported in the Supreme Court Reports. For several reasons this is not a substitute for a compliance with the rule. The court is deprived of the opportunity to refer conveniently to the opinion during the argument, and is otherwise put to needless trouble. The rule requiring the opinion to be printed in the case is of long-standing and well known to the bar, and should be observed.

For these reasons the appeal should be dismissed, with costs.

All concur, except CHURCH, Ch. J., absent.

Appeal dismissed.