GILES VAN HORNE, Appellant, v. WILLIAM CAMPBELL et al., Respondents.

Where plaintiff in an action of ejectment claims title in fee to the whole premises, and recovers judgment in accordance with his claim, and where the title set up is in fact invalid, but it appeared on the trial that plaintiff has an independent and unimpeachable title to an undivided share of the premises, it is in the discretion of the General Term, either to modify the judgment or to reverse it and grant a new trial ; and its determination in the exercise of this discretion is not reviewable here.

(Submitted December 8, 1885; decided December 15, 1885.)

This was a motion for reargument.

The action was ejectment. The case is reported in 100 N. Y. 287.

The following is the *mem.* of opinion :

" There are insuperable difficulties in the way of granting this motion : (1) The plaintiff in his complaint claims title in fee to the whole premises. He recovered judgment in accordance with his claim. The General Term reversed the judgment and ordered a new trial on the ground that the devise over in the will of Jellis Fonda, upon which the plaintiff's claim to the whole title rested, was void, and the judgment of the General Term has been affirmed by this court.

It is now claimed that the General Term, instead of reversing the judgment absolutely, should have modified it by awarding a recovery for the undivided sixth part of the premises, as to which the plaintiff claims her title is unimpeachable. Assuming that the evidence conclusively established title in the plaintiff to this extent, the General Term was not bound to modify the judgment and award a recovery for the sixth part of the premises. It was in the discretion of the General Term either to modify the judgment, or to reverse it absolutely and leave the plaintiff on a new trial to assert his claim to an undivided share, and procure judgment therefor. This court cannot review the discretion of the General Term. (*Godfrey* v. *Moser*, 66 N: Y. 250.)

(2) The facts upon which the right of the plaintiff is based to recover an undivided share of the premises, are not found by the trial judge. The action was tried before the court, without a jury, and the findings upon the question of title relate solely to the claim of title under the devise over in the will of Jellis Fonda. It is only by looking into the evidence that the right of the plaintiff to a share of the premises by another and independent title could have been ascertained. But an examination of the evidence would not have disclosed an indisputable title in plaintiff to the one-sixth part. The original share which descended to his mother, a daughter of Douw Fonda, was one undivided fourth part, of which the plaintiff was entitled to an undivided one-eighth part

only. His title to any greater interest depends upon the assumption that Mrs. Wemple's share of her father's estate, descended to her heirs, and that as to that share the defendants have not acquired a title by adverse possession. This assumption is not upon the evidence incontrovertible. The defendants are at least entitled to be heard upon that question.

"The motion should be denied."

*Amasa J. Parker* for motion.

*Horace E. Smith* opposed.

ANDREWS, J., reads for denial of motion.
All concur.
Motion denied.