### HORNE *v.* TERRY.

*(Common Pleas of New York City and County, General Term.*  June 6, 1892.)

APPEAL—DISMISSAL.
    Where an appeal is without merit, but the absence of the judgment of the lower court from the case submitted on appeal precludes an affirmance of that judgment, it will be dismissed.

Appeal from city court, general term.

Action to recover moneys by George E. Horne, as trustee, etc., against Arthur Terry. From an alleged judgment of the general term of the city court affirming a judgment for plaintiff, defendant appeals. Appeal dismissed.

Argued before DALY, C. J., and BISCHOFF, J.

*G. W. Streeter*, (*E. R. Terry*, of counsel,) for appellant. *T. C. Campbell*, for respondent.

BISCHOFF, J.   The question whether or not the wife's denial of her husband's conjugal rights deprives her of the right to his support was in no sense pertinent to the case at bar, since the weekly sum sought to be recovered in this action, and which defendant had agreed to pay in consideration of his wife's withdrawal of her suit for a separation and the abandonment of the alimony awarded her, was to be applied by her to such uses as she saw fit, and not to be accepted in discharge of his obligation to provide for her support; hence the trial justice properly refused to receive the evidence excluded, and the appeal from the judgment is without merit. The absence of the judgment of affirmance of the general term of the court below from the case submitted to us on this appeal, however, precludes us from an affirmance of that judgment. Rule 2 of the general term rules of this court provides that the rules of the court of appeals governing appeals to that court shall apply to appeals from the city court to this court; and rule 5 of the court of appeals requires that the case, on appeal, shall contain a copy of the return of the clerk of the court from which the appeal is taken. If, therefore, we assume that the case submitted complies with the rules above mentioned, there is nothing before us for review, since, pursuant to section 3191 of the Code of Civil Procedure, we may only entertain appeals from the city court when they are taken from "actual determinations" of that court, made at a general term thereof. On the other hand, if it is urged that the case submitted is defective, in that it does not contain a copy of the clerk's return, and omits the judgment of affirmance upon which our authority to proceed is dependent, then consistency with the rules established for the orderly transaction of judicial business and the avoidance of any appearance of having affirmed a spurious judgment require that this appeal be dismissed. *Bastable* v. *Syracuse*, 72 N. Y. 64. Appeal dismissed, with costs.