NEWTON SQUIRE, Respondent, *v.* PETER H. McDONALD et al.,
          Appellants.

NEWTON SQUIRE, Respondent, *v.* BENJAMIN B. SENIA et al.,
          Appellants.

To authorize an appeal to this court from a judgment, where the matter in
    controversy did not exceed $500, an order of General Term allowing it
    is required, which must state as the ground therefor, that a question of
    law is involved which ought to be reviewed here, an order that
    states no ground is invalid.
After the filing of the return on appeal to this court from a judgment a
    substitution of attorneys for a party should be made by an order of this
    court, not of the court below.
The fact, however, that an attorney for a respondent who has been author-
    ized to appear for him, has failed to proceed in a regular manner, to
    cause his substitution by order of this court, does not preclude the court
    from acting upon a motion made by him on behalf of the respondent to
    dismiss the appeal.

(Argued June 5, 1893; decided June 27, 1893.)

MOTION to dismiss appeals from judgments of the General
Term of the Court of Common Pleas of the city of New York,
entered upon an order made February 6, 1893, which affirmed
judgments in favor of plaintiff, entered upon verdicts directed
by the court.

The facts, so far as material, are stated in the opinion.

*William R. Wilder* for motion. The appeal is a nullity
and should be dismissed, as this court has no power to hear or
entertain it. (Code Civ. Pro. § 191; *Josuez* v. *Conners,* 75
N. Y. 158.) It is too late for these appellants to rectify the
jurisdictional defect either in this court or the court below.
(*De Freest* v. *City of Troy,* 101 N. Y. 608; Code Civ. Pro.
§ 784; *Humphrey* v. *Chamberlain,* 11 N. Y. 274; *Sherwood*
v. *Pratt,* 11 Abb. Pr. [N. S.] 115; *Whitney* v. *Townsend,* 7
Hun, 233; *Waite* v. *Van Allen,* 22 N. Y. 318; *Clapp* v. *Haw-
ley,* 97 id. 614; *Lavelle* v. *Skelly,* 90 id. 546; *Piper* v. *Van
Buren,* 27 Hun, 384; *Patterson* v. *McCunn,* 9 Civ. Pro. Rep.

122; *Durant* v. *Abendroth,* 8 id. 87.) Any application for relief must be addressed to the court below, and none having heretofore been made, this court is in no position to entertain such an application, if made at this time. (*Peterson* v. *Swan,* 119 N. Y. 662.) The appeal does not present any question of law worthy of consideration by this court. (*Stephenson* v. *Henson,* 6 Civ. Pro. Rep. 43; *Ferris* v. *Tannebaum,* 15 N. Y. Supp. 295; *Tunstal* v. *Winton,* 31 Hun, 231; 96 N. Y. 660; *Ingram* v. *Root,* 51 Hun, 238; *Marks* v. *Townsend,* 97 N. Y. 390; Code Civ. Pro. § 190.) Appellant has nowhere advanced the assertion or opinion to any court heretofore that a question of law is involved herein that ought to be reviewed by this court. (*Deutsch* v. *Riley,* 19 Alb. L. J. 162.) This court will not assume to itself jurisdiction to entertain an appeal unless authorized by special provision of law. (*Josuez* v. *Conners,* 75 N. Y. 158.) The respondent is correct in his practice in making this motion. (*King* v. *Galvin,* 62 N. Y. 238; *Butterfield* v. *Rudde,* 58 id. 489; *People* v. *Willard,* 110 id. 662; *Browne* v. *Taylor,* 69 id. 627; *People* v. *Horton,* 64 id. 58; *Dalzell* v. *L. I. R. R. Co.,* 119 id. 626.)

*Kenneson, Crain & Alling* opposed. It was unnecessary that the orders of the General Term should state in terms that the appeals were allowed on the ground that a question of law was involved which ought to be reviewed by this court. (Subd. 3, § 191, Code Civ. Pro.)

*Per Curiam.* The judgments, from which the appeals in these cases have been taken, involve amounts less than $500, and an order was obtained from the General Term giving leave to the defendants to appeal to this court. This motion is made in behalf of the respondent to dismiss the appeals, on the ground that the order giving leave to appeal does not state any ground. Subdivision 3 of section 191 of the Code of Civil Procedure explicitly provides that an appeal cannot be taken from a judgment, if the matter in controversy is less than $500, unless the court below, by an order made at the

General Term which rendered the determination, or at the next General Term after judgment is entered thereupon, allows the appeal on the ground that a question of law is involved which ought to be reviewed by the Court of Appeals. So much of the provision as requires that the order should state the ground mentioned had been enacted by the legislature in chapter 322 of the Laws of 1874. In the case of *Bastable* v. *The City of Syracuse* (72 N. Y. 64), this court had occasion to consider the form of the order prescribed by the act of 1874, and held, because the order of the General Term in that case was lacking in the statement of the ground, which is lacking in the order in this case, that it was not a compliance with the act of 1874, and dismissed the appeal. The decision in that case is authority for the dismissal of these appeals.

The appellants object that Mr. Wilder, who, as attorney for the respondent, moves for the dismissal of the appeal, has no standing to make the motion ; inasmuch as he was substituted as attorney for the respondent by an order made in the court below after the returns were filed in this court. While that practice. is irregular and such an order of substitution of attorneys should only be made by order of this court, after the returns are filed here, nevertheless, we do not think the irregularity of the procedure is such as to preclude our acting upon this application to dismiss. There is no question. but what the respondent's attorney has been authorized to appear for him, and the fact that he has failed to proceed in a regular manner, to cause his substitution through an order of this court, is not necessarily fatal to the application now made in behalf of the respondent.

In view of the lack of importance of the questions involved in these cases, and of the smallness of the amounts in controversy, we do not think the matter should be remitted to the court below, as requested by the appellants.

The appeals are dismissed, with costs.

All concur.

Appeals dismissed.