HEALTH DEPARTMENT v. RECTOR, ETC., OF TRINITY CHURCH.

(Common Pleas of New York City and County, General Term. January 15, 1895.)

LEAVE TO APPEAL—AMENDMENT OF ORDER—GENERAL TERM OF COMMON PLEAS.
   Where leave to appeal has been granted by the general term of the court of common pleas, a subsequent general term has jurisdiction to amend the order by inserting therein the ground on which it was made, namely, that a question of law was involved which ought to be reviewed.

Action by the health department of the city of New York against the rector, churchwardens, and vestrymen of Trinity Church, in the city of New York. A motion for leave to appeal to the court of appeals was granted (18 N. Y. Supp. 948), and an application is now made to amend the order granting leave to appeal. Granted.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

S. T. Nash, for plaintiff.

W. P. Prentice, for defendants.

DALY, C. J. This is an application to the general term (January, 1895) to amend a prior order of the general term (March 7, 1892). 18 N. Y. Supp. 948. An order having been made by the general term in March, 1892, permitting an appeal from its decision to the court of appeals (the action having been commenced in a district court), it is now asked that the general term amend such order by inserting therein the ground upon which it was made, viz. that a question of law is involved, which ought to be reviewed by the court of appeals. Such a statement in the order, where the amount of the matter in controversy, as in this case, does not exceed $500, is required, in order to authorize an appeal to the court of appeals. Laws 1874, c. 322; Squire v. McDonald, 138 N. Y. 554, 34 N. E. 398; Bastable v. City of Syracuse, 72 N. Y. 64. The application for the amendment is opposed on the ground that we have no jurisdiction to make the amendment, and De Freest v. City of Troy, 34 Hun, 580; Van Horne v. Campbell, 101 N. Y. 608, 3 N. E. 901,—are cited as authority. The last-named case holds that the power to allow an appeal to the court of appeals can only be exercised by the general term which rendered the decision, or by the next general term held after judgment thereon has been entered. The case has no bearing upon the question of amending an order whereby permission to appeal to the court of appeals was heretofore and seasonably granted. The court possesses unrestricted power, at all times, to make the record declare the truth as to its judgment. National City Bank v. New York Gold Exch. Bank, 97 N. Y. 645. In that case it was held that the general term had power to amend its order after an appeal had been taken therefrom to the court of appeals, by adding a statement that the reversal was upon the facts as well as the law, although the effect was to give the respondent a better position in the court of appeals; following Guernsey v. Miller, 80 N. Y. 181, and Buckingham v. Dickinson, 54 N. Y. 682. If the decision appealed from could be amended after appeal, the decision upon the applica-

tion for leave to appeal is equally amendable.   The amendment allowed in the cases cited is more radical than that which is now applied for, and the decisions amply justify the relief asked.   Motion granted, without costs.   All concur.