(23 Misc. Rep. 536.)

SPANG v. PATTERSON et al.

(Supreme Court, Trial Term, New York County. May, 1898.)

ARREST IN CIVIL ACTION—ACTION ON UNDERTAKING—EXTENT OF RECOVERY.

A bond given to procure the arrest of S. in a civil action provided that if S. should recover a judgment, or it should be determined that plaintiff was not entitled to the order of arrest, the principal and sureties would pay S. all costs awarded him and damages sustained, not exceeding $500. In an action on this obligation, the evidence showed that S. was arrested and confined 42 days; that prior to his arrest he earned $25 per week, which, during his incarceration, he was prevented from earning; that the action was decided in his favor, and he was awarded a judgment for costs, amounting to $361.84. *Held*, that he was also entitled to the difference between this sum and the penalty of the bond ($138.66) in addition, for the actual damages suffered.

Action by Henry W. Spang against Stephen Y. Patterson and others on a bond given to procure an order of arrest in a civil action. Judgment for plaintiff.

Lexow, Mackellar & Wells, for plaintiff.
Campbell & Hann, for defendants.

SCOTT, J. The plaintiff in this action was arrested in an action brought against him by one Reigner. Upon the issue of the order of arrest, the defendants executed an undertaking in the usual form, whereby they undertook that if the said Spang should recover judgment in the action against him, or if it should finally be decided that the plaintiff in said action was not entitled to an order of arrest, then they, the sureties on the undertaking and defendants in this action, would pay all costs which might be awarded to said Spang, and all damages which he might sustain by reason of the arrest, not exceeding the sum of $500. The undertaking having been duly approved, Spang was arrested by the sheriff, and actually incarcerated for the period of 42 days. The action finally went in his favor, and he recovered a judgment for costs against the plaintiff Reigner for the sum of $320.22, no part of which has been paid to him. The defendants conceded upon the trial their liability to pay the judgment for costs, and offered no evidence to show that the whole amount thereof did not directly accrue from the arrest or from proceedings necessitated by the arrest. The only question litigated upon the trial was whether or not the plaintiff's right to a recovery was limited to such costs and interest thereon, or whether the plaintiff might recover such other damages as he appears to have suffered. It was said by the general

term of this court that such an undertaking as forms the basis of this action "is designed to cover taxable costs and such other legitimate damages as flow from the arrest and are made necessary by it, such as counsel fees and expense in moving to vacate the arrest, and loss of time occasioned the arrested party in getting bail, and in and about moving for his discharge." Bamberger v. Kahn, 43 Hun, 411. It is well settled that the plaintiff in an action like the present cannot recover the same damages, or damages estimated upon the same basis, as can be recovered by a plaintiff suing for false imprisonment, but the authorities seem to hold that he may recover all damages, not exceeding the amount of the undertaking, which naturally and neces-sarily result directly from the issuance and enforcement of the order of arrest. In the present case the plaintiff was actually confined in jail for 42 days. At the time of his arrest, and for some time prior thereto, he had been earning by his own exertions about $25 a week, and during the period of his imprisonment, and as a direct result thereof, he was prevented from earning this sum or any sum whatever. I think that this loss was clearly a damage resulting directly from the issuance and enforcement of the order of arrest. The undertaking was for $500. The judgment for costs, liability for which is con-ceded, with interest, amounts to $361.34. I think that the difference between these two sums ($138.66) is well within the actual damages suffered by plaintiff. I therefore direct a judgment for the plaintiff for the sum of $500, with costs.

Judgment for plaintiff, with costs.