### KRAUSE v. RUTHERFORD et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

1. ACTION ON UNDERTAKING—ORDER OF ARREST.

An undertaking in a civil action for an order of arrest of the defendant under Code Civ. Proc. § 559, made the sureties liable "if it is finally decided that the plaintiff is not entitled to the order of arrest." *Held*, that an action on the undertaking after the order of arrest had been vacated, but before judgment had been rendered in the action in which it was made, was not prematurely brought, the order vacating the order of arrest not having been set aside or appealed from.

2. SAME—OBTAINING LEAVE TO SUE—NECESSITY.

To sue on an undertaking for an order of arrest of defendant in a civil action under Code Civ. Proc. § 559, leave of court need not be obtained under section 814, since the latter section, by its terms, applies only to bonds or undertakings given to the people, or to a public officer.

3. SAME—DAMAGES FOR FALSE IMPRISONMENT—RECOVERY.

Damages for false imprisonment cannot be recovered against the sureties to an undertaking for an order of arrest of defendant in a civil action in pursuance of Code Civ. Proc. § 559, where the order is afterwards vacated.

Appeal from trial term, Delaware county.

Action by Leopold Krause against James Rutherford and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed.

On March 10, 1893, James Rutherford commenced an action in the supreme court against the plaintiff, Leopold Krause, and three others, to recover damages for an alleged injury to said Rutherford's property, alleged to have been caused by the wrongful acts of the defendants, and on March 18, 1893, obtained an order of arrest, in pursuance of section 559 of the Code of Civil Procedure. The defendants Smith and Wood were the sureties with the plaintiff· upon the undertaking. Krause was arrested by the sheriff of Delaware county, and placed in jail, June 21, 1893, and remained in jail until November 13, 1893, when the order of arrest was vacated and set aside. This action was commenced on the 13th day of December, 1893, upon said undertaking, to recover damages sustained by reason of said arrest, and resulted in a verdict for plaintiff for $250. No appeal was taken by Rutherford from the order of November 13, 1893, vacating the order of arrest. After this action was commenced, a motion was made to set aside the order vacating the said order of arrest, which was denied. Subsequently to the commencement of this action the action begun by Rutherford against the plaintiff and others was tried, and the defendants obtained a judgment therein. There were averments in the complaint tending to set forth a cause of action for false imprisonment, but the trial court, before the submission of the case to the jury, determined that the plaintiff could not recover for that cause of action.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Robert T. Johnson and Marvin & Hanford, for appellants.

George W. Youmans, for respondent.

PUTNAM, J. The undertaking on which the plaintiff brought this action provided that:

"If the defendant recover judgment herein, or if it is finally decided that the plaintiff was not entitled to the order of arrest, the plaintiff will pay all costs that may be awarded to the defendants, and all damages which they, or either of them, may sustain by reason of the arrest, not exceeding the sum of two hundred and fifty dollars."

It is urged by the defendants that this action was prematurely brought. At the time of its commencement, judgment had not been rendered therein, and, although the order of arrest had been vacated, this had been done on the papers on which such order was granted, and not upon the merits. We are inclined, although with some doubt, to think that this contention should not be sustained. The undertaking made the sureties liable "if it is finally decided that the plaintiff is not entitled to the order of arrest." If the word "an" instead of "the" had been used in the instrument, a different question would arise. The sureties bound themselves to pay the damage the plaintiff herein should sustain by reason of the order of arrest in fact granted. The decision of the judge vacating that order should be regarded as a final determination that the plaintiff was not entitled thereto, unless such decision should be overruled on a subsequent motion made by the plaintiff in that action or on appeal. We are also of the opinion that it was not necessary for the plaintiff to obtain leave of the court, under the provisions of section 814 of the Code of Civil Procedure, to bring this action. That section, by its terms, applies to bonds or undertak-

ings given to the people or to a public officer. But a new trial must be granted for the reason that the evidence given below was not sufficient to sustain a judgment for $250, and also for some inadvertent errors of the trial judge in his charge to the jury.

The plaintiff, by the provisions of the undertaking set out in the complaint, was entitled to recover his counsel fees and expenses in moving to vacate the order of arrest up to the time of the commencement of the action. Such expenses were stated to be $50, of which $40 had been paid. He was also entitled to recover for loss of his time during his imprisonment. At the time of his arrest it was shown that he was earning $18 per month, and his imprisonment lasted for a period of five months. His total damage, therefore, for loss of time was $90. The plaintiff testified that after his imprisonment ceased he could obtain no employment for some time, and then worked for three dollars a month, but he fails to give any sufficient data from which the jury could have estimated his damage for loss of time after his imprisonment, if in this action he was entitled to recover therefor. No other damage for which the defendants were liable as sureties on the undertaking in question was shown, and it follows that the judgment for $250 was unauthorized.

The learned trial court instructed the jury that the suffering the plaintiff endured from his imprisonment, of either body or mind, was a proper element of damage to be considered. The defendants requested the court to charge that "the jury cannot award any damages because of any disgrace which has attached." The court declined to so charge. In effect, therefore, the learned trial court instructed the jury that the plaintiff could recover against the sureties the same damages he could have recovered against the defendant Rutherford in an action for false imprisonment. I think the court erred in thus instructing the jury. The true rule in regard to the damages recoverable on an undertaking given on obtaining an order of arrest is stated in Bamberger v. Kahn, 43 Hun, 411:

"It is now settled that an order of arrest which has been granted by an officer having jurisdiction, and upon such officer obtaining jurisdiction of the subject-matter, protects parties from an action for false imprisonment. And this is the fact when the order has been subsequently vacated. Marks v. Townsend, 97 N. Y. 590. The undertaking to pay damages by reason of the arrest is not, therefore, to provide for a personal wrong or injury. It is a paper designed to cover taxable costs to be awarded in the action, and such other legitimate damages as flow from the arrest, and are made necessary by it; such as counsel fees, and expense in money to vacate the arrest, and loss of time occasioned the arrested party in getting bail and in and about moving for his discharge."

See, also, Spang v. Patterson, 23 Misc. Rep. 536, 52 N. Y. Supp. 678.

For the reasons above suggested, the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.