(81 App. Div. 341.)

### KRAUSE v. RUTHERFORD et al.

(Supreme Court, Appellate Division, Third Department.  March 11, 1903.)

1. BONDS—CO-OBLIGEES—RIGHT TO SUE SEVERALLY.

In an action on a bond given to procure an order of arrest against plaintiff and another, it appeared that the order of arrest had been vacated as to plaintiff, but that such vacation did not affect the other party; and defendant's counsel offered to show that the obligor in the bond had recovered a final judgment against the other party in the action in which the order of arrest was issued. *Held* that, as the other party had no cause of action on the bond, plaintiff's recovery thereon could not be defeated on the ground that a recovery by him for the amount of the bond would leave the other party without any remedy thereon.

2. SAME—FORM OF BOND.

Where a bond given to secure an order of arrest was conditioned to pay all damages which the "defendants, or either of them," might sustain by reason of their arrest, etc., the right to enforce the bond was several.

Appeal from Delaware County Court.

Action by Leopold Krause against James Rutherford and others. From a judgment (75 N. Y. Supp. 773) for plaintiff, defendants appeal. Affirmed.

The action is upon an undertaking given by the defendant Rutherford, as principal, and the defendants Wood and Smith, as sureties, to procure an order of arrest of the defendants in an action brought by the appellant Rutherford against the respondent Krause and three other defendants for an alleged wrongful injury to property. After reciting that an application was about to be made for an order to arrest Krause and three other defendants in that action, the undertaking provided that the obligors "undertake, jointly and severally, pursuant to the statute, that if the defendants recover judgment herein, or if it is finally decided that the plaintiff was not entitled to the order of arrest, the plaintiff will pay all costs which may be awarded to the defendants, and all damages which they or either of them may sustain by reason of the arrest, not exceeding the sum of two hundred and fifty dollars." The order of arrest was issued by the county judge of Delaware county, and Krause and one other defendant (John Geldrich) were arrested. Krause was confined in jail from June 21, 1893, until November 13, 1893, when the order of arrest was vacated and set aside as to him by the county judge who granted it, but it was left in full force as to Geldrich. The order vacating having been made upon an ex parte application, Rutherford made a motion, on notice, at Special Term, December 13, 1893, to vacate the order of November 13th. That motion was denied without prejudice to the renewal thereof before the county judge. Two days afterwards, on December 15, 1893, this action was commenced. An order was afterwards procured, returnable before the county judge January 5, 1894, requiring Krause to show cause why the order vacating the order of arrest as to him should not be vacated and set aside, and that motion was denied. The trial resulted in a judgment for the plaintiff for $165.70 damages, besides costs, and the defendants have appealed. The case was here upon an appeal from a judgment in favor of the plaintiff on a former trial, and is reported in 45 App. Div. 132, 60 N. Y. Supp. 1047.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

E. A. Mackey, for appellant Rutherford.
Marvin & Hanford, for appellants Wood and Smith.
G. W. Youmans, for respondent.

CHESTER, J.   The defendants insist that the action was prematurely brought, but we are precluded from examining that question, as it was decided upon facts substantially identical with those presented here, on the former appeal.   It was there held that it was not (Krause v. Rutherford, 45 App. Div. 132, 60 N. Y. Supp. 1047), and that must stand as the law of the case until reversed.

Krause and Geldrich were the only persons arrested under the order of arrest, and the claim is now made by the appellants that because the undertaking was for the benefit of Geldrich, as well as of Krause, it cannot be enforced by Krause alone, for the reason that a recovery by him for the amount of the undertaking would leave Geldrich without any remedy upon it.   But it does not appear that Geldrich has any right of action on the undertaking.   On the contrary, it appears that the order of arrest, as to him, was not affected by the order vacating it as to Krause; and the appellant's counsel even offered to show on the trial that Rutherford had recovered a final judgment against Geldrich in the action in which the order of arrest was issued, thus practically conceding that Geldrich had no cause of action on the undertaking.   It thus appears that the only person having a cause of action under it, so far as shown by the record here, is seeking to enforce it. More than this, the right to enforce the undertaking is by its express terms a several one in the obligees.   The undertaking is to pay all damages which the defendants, or either of them, may sustain by reason of the arrest, if it was finally decided that Rutherford was not entitled to the order of arrest.

I think, therefore, that the action was properly brought by Krause alone, and that the judgment should be affirmed, with costs.   All concur; PARKER, P. J., in result.