Matthew M. Levy, J.
A building was in process of being erected in New York City. Fuller was the general contractor. Rizzi was the concrete subcontractor. An agreement of indemnity bound Rizzi to Fuller, in the event that Fuller should be found liable for injuries occurring on the premises as a result of Rizzi’s performance on the job. Ostapenko was employed by Rizzi. While working, Ostapenko was injured by a driftpin alleged to have been negligently dropped by American, the steel subcontractor. Ostapenko sued American, and, after trial, there was a general verdict and judgment in favor of American on the merits, which determination was affirmed on appeal. Thereupon, Ostapenko commenced this action against Fuller, the general contractor. The complaint here alleges liability upon the common-law ground of negligence, as well as for violation of provisions of the Labor Law in that Fuller failed to provide a safe place to work. The answer consists of a general denial. On the basis of the contract of indemnity, Fuller, the present defendant—as a third-party plaintiff—brought in Rizzi as a third-party defendant. Then Rizzi — as a fourth-party plaintiff — brought in American on the theory of liability for common-law indemnity, in that American was allegedly the primary and active tort-feasor.
There is now before me for disposition a motion by American, the fourth-party defendant, in pursuance of subdivision 4 of rule 106 and subdivision 4 of rule 107 of the Rules of Civil Practice, to dismiss Rizzi’s fourth-party complaint upon the grounds, respectively, that (a) the fourth-party complaint fails to state facts sufficient to constitute a cause of action in favor of Rizzi against American, and (b) that, by virtue of American’s successful defense of the earlier action against it when sued directly by Ostapenko, there is an existing final judgment of a court of competent jurisdiction rendered on the merits determin *95 ing the cause of action insofar as American’s liability to Eizzi is concerned.
I shall consider, first, the question whether the prior judgment in American’s favor when sued by Ostapenko is a bar to Eizzi’s suit against American. .
The general precept of res judicata is a simple one, and is relied upon by Eizzi. It has been stated as follows: “A fact or question which was in issue in a former suit, and was there judicially passed on and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, as far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, on either the same or a different cause of action, while the judgment remains unreversed, unmodified, or unvacated by proper authority” (50 C. J. S., Judgments, § 686, pp. 141-142■—italics supplied). But, although “ some criteria have been traditionally and consistently employed ”, “ there is probably no area of our law less susceptible of rigid formulation and definition than that of res judicata ” (Statter v. Statter, 2 N Y 2d 668, 671).
Eizzi contends that he should have an opportunity to present his claim against American—which, says Eizzi, is simply to be made whole in the event he is required to indemnify Fuller. Eizzi urges that the prior judgment should not bar his claim in the instant case, for he was not a party to the Ostapenko suit nor in privity with him. The problem is not without difficulty and, unfortunately, without precise precedent. Upon study, I find that Eizzi’s arguments are less than persuasive.
Let me-—-for clarification — return to a statement of the facts and then restate the conclusion projected by Eizzi: Ostapenko was injured—allegedly by American. But American has been held not liable to Ostapenko. Ostapenko sues Fuller. Fuller may be found liable. If that happens, then Eizzi may be required to indemnify Fuller, by virtue of their contract. Eizzi seeks to hold American as indemnitor by virtue of American’s alleged primary liability. If this last claim is permitted to stand, then American will have to indemnify Eizzi because Eizzi has to indemnify Fuller because Fuller was found liable to Ostapenko. The ultimate result would be that American would be compelled +o pay for an injury after it was determined that there was no liability on American’s part for that injury. Such a consequence is not supported by any authority cited to me or that independent search could unearth. And it seems so incongruous and illogical to me that I do not propose by my decision to *96 establish a precedent to that effect. I shall undertake to explain why.
I agree with Rizzi that he was not, on the basis of being Ostapenko’s employer, “privy” to the latter’s suit against American. For the subject of the earlier suit did not, and the subject of the present litigation does not, concern the employment or the relationship based upon it. But I hold, nevertheless, that, since Rizzi’s rights as against American are necessarily dependent upon, and derivative from, Ostapenko’s rights, Rizzi is bound by the earlier judgment of American against Ostapenko.
Under the circumstances here presented, Rizzi’s obligation to Ostapenko does not rise any higher than that of Fuller’s to Ostapenko. For, since Fuller claims indemnity from Rizzi on the basis of a contractual obligation only, it is plain that, if Fuller is not liable to Ostapenko, Rizzi’s agreement to indemnify Fuller does not at all come into play. As a consequence, I deem myself warranted, when analyzing the legal status of the respective parties on this application, in ignoring Rizzi as a third-party defendant or a fourth-party plaintiff in this action.
As to American’s liability to Fuller, it appears from the papers before me that Ostapenko rests his claim against Fuller upon the ground of Fuller’s personal negligence and Fuller’s failure to provide Ostapenko with a safe place to work, and that American’s act in negligently dropping the steel driftpin upon Ostapenko was the alleged precipitating cause of the injury. That being so, had Fuller directly impleaded American as the primary and active wrongdoer — and had therefore sought common-law indemnity from American — Fuller’s rights against American would necessarily be derived from Ostapenko’s rights against American on the basis of the very same alleged act of the latter’s primary and active negligence. (Of. Restatement, Judgments, § 96, subd. [1], par. [a].)
There are some decisions — not cited by the parties — which are not squarely in point but which, in my opinion, are helpful enough to be mentioned. For example, let us assume that a wife sues for personal injuries alleged to have been sustained as a result of the negligence of the defendant; she-loses her suit on the merits; the husband then sues for loss of consortium and medical expense; since his claim is derivative from and dependent upon the wife’s, the judgment against her is a bar to the suit by him (Maxson v. Tomek, 244 App. Div. 604, 605, motion for leave to appeal denied 268 N. Y. 726; I disagree with the decision in Biczan v. Weil, 137 Misc. 517; but, see, Prosser, Law of Torts [2d ed.], § 104, pp, 701-703; 133 A. L. R. 199-201 and 50 C. J. S., Judgments, § 678, p. 123; § 798, p. 345, where cases *97 in other States are cited and discussed). Similarly, let us assume that an infant is injured as the result of the claimed negligence of the defendant; he sues and loses on the merits; the parent then seeks to recover for loss of services and medical expense; here, too, his claim, being derivative from and dependent upon the child’s, is barred (Reilly v. Rawleigh, 245 App. Div. 190, 191; for contrary cases, see 133 A. L. R. 201-202; 50 C. J. S., Judgments, § 678, pp. 123-124).
Viewing the problem from another angle, it seems to me that American’s liability as common-law indemnitor of Fuller (in whose shoes Rizzi remains as Fuller’s contractual indemnitor) is necessarily dependent upon American’s liability, if any, to Ostapenko. In other words, unless American, vis-a-vis Ostapenko, is legally responsible for the accident, American cannot be held liable as indemnitor of Fuller. And since it has already been determined that American is not accountable to Ostapenko for this occurrence, American should not be subjected to being dragged in by the tail end, as it were, and be compelled to litigate anew the issue of its responsibility for the accident (cf. as to a situation in reverse, Wolf v. Kenyon, 242 App. Div. 116).
The cases of Good Health Dairy Prods. Corp of Rochester v. Emery (275 N. Y. 14) and Elder v. New York & Pennsylvania Motor Express (284 N. Y. 350) have been pressed upon me. They are not in point. But it is well to note here what Judge Finch, for the majority in the Elder case, said at page 353: “ In the Good Health case the liability of the owner was dependent upon a recovery from the person from whom the liability was derived. # * * In the consideration of the plea of res judicata in bar of the action, the relationship between principal and surety, while only partly analogous, illustrates the liabilities involved. If, despite the fact that the driver in the Good Health case had been found by the jury free from negligence, we had allowed a recovery against the owner, then the latter could have recovered over against the driver, surely an extraordinary result.”
The basic thesis of the doctrine of res judicata is that relitigation of an adjudicated claim should not be permitted. The doctrine “ represents the law’s recognition of society’s demand that there be an end to litigation. It is expedient and just that defendants not be harassed; that courts not be unduly burdened ; and that rights, once established, remain undisturbed ’ ’ (Prashker, New York Practice [4th ed.], § 134, p. 278).
The fourth-party defendant’s motion to dismiss the fourth-party complaint is granted in pursuance of subdivision 4 of rule 107 of the. Rules of Civil Practice. An order to that effect *98 has been signed and entered. This disposition renders it unnecessary to consider that branch of the motion which seeks, in pursuance of subdivision 4 of rule 106, dismissal of the fourth-party complaint for alleged insufficiency.