■ RALPH BRUNO, Respondent, v. FRED KOSNAC et al., Appellants.— Judgment in favor of plaintiff in the sum of $5,191 after a nonjury trial in an action for personal injuries based on an alleged assault, unanimously reversed, on the law, and on the facts, and the complaint dismissed, with costs to defendants-appellants. On the proof adduced the defendants are entitled to judgment. The testimony shows that it was the plaintiff who assaulted O'Rouke, age 60 years, an employee, now deceased, of the defendants, and that the assault was unjustified. Kosnac did not assault the plaintiff. On March 4, 1957, plaintiff, 41 years of age, 5 feet 10 inches tall, weighing 204 pounds, a former Golden Gloves boxer, skilled in the art of judo, a schizoid with paranoid trends with a low threshold of frustration, lost control of himself and without cause assaulted O'Rouke. The ensuing scuffle was brief and, to the chagrin of the plaintiff, O'Rouke effectively defended himself. The uncontradicted medical testimony is that plaintiff is a person with a personality disorder characterized by the development of suspicions into systematized delusions of persecution and grandeur built up in logical form. Plaintiff failed to establish his case by a fair preponderance of the credible testimony and the defendants were entitled to judgment dismissing the complaint. Under the provisions of subdivision 2 of section 584 of the Civil Practice Act, we should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the court below ought to have granted. (*Bernardine* v. *City of New York*, 294 N. Y. 361, 366; *York Mtge. Corp.* v. *Clotar Constr. Corp.*, 254 N. Y. 128; *Lamport* v. *Smedley*, 213 N. Y. 82; *Greater N. Y. Mut. Ins. Co.* v. *Perry*, 6 A D 2d 432; *Calabria* v. *City & Suburban Homes Co.*, 5 A D 2d 983, affd. 5 N Y 2d 918; *Margolies* v. *City of New York*, 3 A D 2d 734; *Gross* v. *Molmar Bus Transp. Co.*, 3 A D 2d 703; *Mouren* v. *Great Atlantic & Pacific Tea Co.*, 1 A D 2d 767; *Leonard* v. *Frantz Co.*, 268 App. Div. 144, 148; 9 Carmody-Wait, New York Practice, § 177, p. 603, and cases cited therein.) Findings and conclusions of law inconsistent herewith are reversed. Settle order on notice. Concur — McNally, J. P., Stevens, Eager, Steuer and Bergan, JJ.

■ In the Matter of the CITY OF NEW YORK, Appellant, Acting for and on Behalf of the New York City Housing Authority, Relative to Acquiring Title to Real Property Within the Area Bounded by Webster Avenue and Other Streets, as a Site for a New York State-Aided Low-Rent Public Housing Project Known as Borgia Butler Houses, in the Borough of The Bronx. DAVID KUSHNER et al., Respondents.— Final decree unanimously modified, on the law and on the facts, as hereinafter provided, and, as so modified, affirmed, without costs. We hold that the weight of the credible evidence establishes the fair market value on the date of vesting of the following damage parcels to be: damage parcel 45, $66,000; damage parcel 66, $78,000; damage parcel 67, $82,000. Settle order on notice. Concur — McNally, J. P., Stevens, Eager, Steuer and Bergan, JJ.

■ COSMO OSTAPENKO, Plaintiff, v. GEORGE A. FULLER COMPANY, Defendant and Third-Party Plaintiff. RIZZI, INC., Third-Party Defendant and Fourth-Party Plaintiff-Appellant, v. AMERICAN BRIDGE DIVISION, UNITED STATES STEEL CORP., Fourth-Party Defendant-Respondent.— Order, entered on December 15, 1960, dismissing the fourth-party complaint in pursuance of subdivision 4 of rule 107 of the Rules of Civil Practice, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — McNally, J. P., Stevens, Eager, Steuer and Bergan, JJ. [27 Misc 2d 93.]