Matthew M. Levy, J.
By leave of court, the plaintiff applied for and obtained — in accordance with my memorandum, set forth herein as a footnote,* — reconsideration as to one aspect of his motion for summary judgment against the defendants, which motion I had denied. The present application involves the defendant National Surety Corporation, which, in turn, has reinvoked its cross motion against the codefendants for judg *213 ment in the surety’s favor, coextensive with any judgment which the plaintiff may obtain against the defendant surety.
The facts generally are stated in my opinion of May 22, 1962 [37 Misc 2d 208]. On the present application, the plaintiff seeks summary recovery on the undertaking filed by the surety in the prior action. An order of arrest of the present plaintiff was issued by the court in the action in which the defendant Universal was the plaintiff, and on its application. The said defendant filed an undertaking by the defendant National as surety in support of the application. The order was executed, the plaintiff was arrested. Pie engaged counsel and posted bail necessary to secure his release from custody, causing him damages, he claims, in excess of the sum specified in the undertaking. Thereafter, the prior action was marked “ off calendar ” for failure of the corporate codefendant herein — plaintiff therein — to proceed, and, subsequently, this was followed by a dismissal under rule 302 of the Rules of Civil Practice as an abandoned case. The codefendant corporation moved to restore the prior action for trial, which motion was denied and the denial affirmed on appeal. Thereafter, the order of arrest was vacated on motion of the plaintiff herein.
For reasons which will become obvious, I shall discuss the cross motion first. It appears that no response was filed by the codefendants on the original cross motion against them by the surety, nor has any affidavit or memorandum been submitted by them in that regard on the present motion for reargument. But it is stated in the surety’s answering affidavit on the present motion that the codefendants have 1 ‘ urged that plaintiff has no right to the recovery of summary judgment under the bond of National Surety Corporation, where the ultimate liability might fall on them ”. When and where that contention is presented does not appear, and no authority is cited in support of it. Nevertheless, in order to avoid further applications— such as for reargument or to open defaults or otherwise — I have decided to resolve this question of the cross motion on my own.
No differentiation has been made, in the submission to me, as to the respective liability to the surety of each of the two codefendants. But, as I view it, there is a distinction that cannot be overlooked. The defendant Universal was the plaintiff in the primary action and the principal on the surety’s undertaking in favor of the present plaintiff. Taub, as Universal’s active president, was the person who caused the former action against the present plaintiff to be instituted and the order of arrest and the surety’s undertaking to be obtained.
*214 There is no cross claim against either codefendant, corporation or its officer, based upon an express agreement of indemnity to the surety. The first of the cross claims of the surety, as alleged in the answer, is against both codefendants and is grounded upon the allegations that, at the time of the execution and the filing of the undertaking, each of the codefendants knew whether or not there was probable cause to support the application for the order of arrest, and whether or not the arrest was being sought wrongfully and maliciously and on the basis of false and defamatory allegations (as alleged in the plaintiff’s complaint herein), and that each further knew that the surety, in executing the undertaking, would rely (and in fact the surety did rely) upon the representations and the belief that the arrest was thus properly and appropriately sought. These allegations are admitted by the codefendants in their answer to the surety’s cross claim against them. It is further alleged by the surety in the first cross claim that proof by the present plaintiff of the allegations of his complaint will establish that the codefendants acted without probable cause, wrongfully and maliciously and on the basis of false allegations. This allegation is denied by the codefendants. The second cross claim is directed solely against the principal, the plaintiff in the earlier suit, and is based upon the allegation that the primary responsibility in obtaining the arrest of the present plaintiff was that of the former plaintiff, Universal, and, therefore, as the principal under the bond, it is liable over to the surety. That allegation — really a conclusion of law, I think — is denied by the principal. I shall take up the second cross claim first.
The surety bond sued upon is conditioned as follows: “ that if defendant, Joseph R. Awad, [plaintiff herein] individually, in this action recover judgment or if it is finally decided that the plaintiff Universal Coconut Corporation [a defendant herein], [is] not entitled to the order of arrest, the plaintiff in said action will pay all costs which may be awarded to defendant, Joseph R. Awad, individually, and all damages which such defendant may sustain by reason of the arrest in said action, not exceeding the sum of $1,000.00. ’ ’
The undertaking is couched in the words of the statute (Civ. Prac. Act, § 835). The problem presented is whether the statutory language thus contractually adopted covers the situation here as between the third party and the surety. I think it does. In an analogous case involving a temporary injunction, where the bond filed to obtain it was conditioned to pay the parties enjoined “ if the court shall finally decide that the said plaintiff *215 was not entitled thereto,” and where the cause was dismissed for want of prosecution, it was held that such disposition of the action was a final determination (Manufacturers & Traders' Bank, v. Dare Co., 67 Hun 44, affd. 138 N. Y. 635). And, as was stated in Apollinaris Co. v. Venable (136 N. Y. 46, 49), “ if the case was dismissed upon the application of the defendants for want of prosecution, the inference should be indulged that no right to an injunction existed when it was issued, and the dismissal should be treated as an adjudication against the right.” (See, also, Tubman v. Olympia Oil Corp., 22 Misc 2d 169, motion to dismiss appeal granted 13 A D 2d 923.)
The principle thus enunciated should govern, I hold, when the action is dismissed by the court under rule 302 of the Rules of Civil Practice. For it is not a requirement, as urged by the respondents on the motion in chief, that the plaintiff first establish his cause of action against the principal before he may look to the surety for payment on the undertaking (Krause v. Rutherford, 81 App. Div. 341, affd. 178 N. Y. 584; Squire v. Senia, 2 Misc. 577, appeal dismissed 138 N. Y. 554; Krause v. Rutherford, 45 App. Div. 132; Silverstein v. Rugiero, 28 Misc. 139). I am therefore of the view that the present plaintiff (the third party) is entitled to recover from the surety on the facts in the case at bar and on the very basis of the surety’s undertaking in the plaintiff’s favor.
As has been seen, I have heretofore denied the third party’s motion for summary judgment against the principal, because of lack of proof of material allegations in the complaint. And, of course, it is hornbook learning that, as between surety and principal, the latter is liable over to the former. “ At the very instant the relation of principal and surety arises, the law implies a promise by the principal to the surety to reimburse him for all direct damage which the latter may sustain by reason of such relation; the consideration for such promise being the liability incurred [to the third party] by the surety” (Childs, Suretyship and Guaranty, Hornbook Series, § 155, p. 293). To deny the third party recovery from the surety — merely because the principal would thereby become liable to the surety — would, it seems to me, be throwing out the proverbial baby with the bathtub water.
The ease of the surety’s responsibility to the third party, factually and legally, is not the same as that of the principal’s liability to the surety; and the two rulings — although one is in the negative and the other in the affirmative — would not, in the least, be inconsistent or incongruous (cf. Simon v. Lowen *216 thal, 169 Misc. 718, affd. sub nom. Simon v. Kapilow, N. Y. L. J., April 22, 1939, p. 1852, col. 7; Ostapenko v. Fuller Co., 27 Misc 2d 93, affd. 13 A D 2d 650, motion for reargument or leave to appeal denied 13 A D 2d 917, motion for leave to appeal granted 10 N Y 2d 706, affd. 11 N Y 2d 782).
As I pointed out in my first opinion herein, vacatur of an order of arrest might result, in a proper case, in a cause of action for abuse of process, false arrest or malicious prosecution in favor of the defendant and against the plaintiff who procured the order. When a surety executes an undertaking which is filed in compliance with the requirement of statute or order to enable a plaintiff to obtain an order of arrest from the court, and process proceeds thereon, the surety has thereby assumed an obligation, by way of agreement, to the defendant in that action. That obligation is direct. It does not follow, therefore, from my ruling on the motion in chief — that the third party has not yet proved his cause in tort against the principal — that he has not proved his case in contract against the surety. Nor does that holding vitiate the legal relationship between principal and surety and the principal’s obligation, as a matter of law, to make the surety whole on the basis of that relationship.
But the case is on quite a different footing when we come to consider the surety’s cross motion against the codefendant Taub. He was not a plaintiff in the former suit. He did not enter into an engagement with the surety establishing the relationship of principal and surety. In obtaining the undertaking, he was acting as agent of a disclosed principal, the plaintiff in that suit. Indeed, as has been pointed out, the cross claim grounded on the principal-surety relationship is against Universal only.
Moreover, the plaintiff has not proved the required elements of his cause of action against Universal and Taub — upon which the surety’s first cross claim against these codefendants is based. Taub’s liability to the surety depends, not upon the bare relationship of principal and surety, but upon proof by the surety of the denied factual allegations of its cross claim against Taub, and such proof must be forthcoming before judgment over can be granted against him. And that must await a trial of the issues in the entire case.
Accordingly, the motion by the plaintiff for reconsideration is granted and the prior decision of the court is modified to the extent of granting summary judgment to the plaintiff against the defendant National Surety Corporation, and for judgment over by the latter on its cross claim against the defendant Universal Coconut Corporation, coextensive with any judgment the *217 plaintiff may obtain, not exceeding the sum of $1,000 against the defendant National Surety Corporation. An assessment of damages is to be had herein. The action is severed in respect of the causes of action involving the further liability of the codefendants to the plaintiff, and of the codefendant Taub to the defendant National Surety Corporation.

 “ By informal application presented by the attached correspondence, the plaintiff urges that one of the items for relief, asked for in his motion papers as against one of the defendants, was overlooked by me when I denied the motions for summary judgment by opinion and orders dated May 22, 1962.
“ The precise minor target now sought to be hit seemed quite inconsequential in the forensic battle as fought initially by the participants. Indeed, the then and present protagonist, the plaintiff, did not submit a brief on these motions. But the issue was presented and, however incidental, should have been specifically disposed of.
“ In the interests of justice, I shall entertain an application for reconsideration on this phase of the ease only, which will, of course, involve not alone the defense of the surety, but the cross claim of the surety against the codefendants.
“ Proceed by order to show cause accordingly, at which time memoranda on the law should also be served and submitted.”