In the Matter of ABC FREIGHT FORWARDING CORP., Petitioner, *v.* HOWARD R. LEARY, as Commissioner of the Police Department of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 2, 1966.

*Isidore Richman* for petitioner. *J. Lee Rankin, Corporation Counsel (Joachim Titolo, Seymour B. Quel, Irving Genn* and *Percival Sprung* of counsel), for respondents.

MATTHEW M. LEVY, J. In this article 78 proceeding the petitioner moves for judgment prohibiting the respondents Police Department and Traffic Department of the City of New York, the Commissioners thereof, and the city, from interfering with the continued use and possession by the petitioner of certain space on the marginal street parallel with and approximately five feet inshore of the bulkhead in front of and to the south of Pier 67, North River.

It is alleged in the petition that — although the petitioner is entitled to uninterrupted occupancy of the subject space (upon several stated bases) — the Traffic Department, on August 23, 1966, placed "No Parking" signs on the premises, and thereafter the Police Department issued parking violation summonses against the petitioner's trailers standing in the marginal street. Continued issuance of summonses is threatened; and, on the argument of this application, it was charged that the respondents will physically remove the petitioner's vehicles.

It is needless for me to undertake a study of and to make a determination on the merits, for it appears that heretofore the petitioner had instituted an article 78 proceeding to secure judgment against the Department of Marine and Aviation of the city, the Commissioner thereof, and the city to compel them to lease the subject marginal street space to the petitioner, and that the proceeding was dismissed on the merits. It was there determined at Special Term that the Commissioner of Marine

and Aviation has exclusive authority and control to regulate the marginal streets so that they may be used to the best advantage, thus resolving against the petitioner its present basic contentions as to its claim of right to possession and use. The petitioner has appealed to the Appellate Division from that decision. An application was made to one of the Justices of the Appellate Division for a stay pending appeal, which application was denied.

I hold — as urged by the Corporation Counsel of the City of New York, on behalf of the respondents — that the essence of the controversy has already been judicially resolved. And the view — contended for by the petitioner — that such holding cannot be grounded upon the recognized principle of *res judicata* or law of the case does not give me pause (*Ostapenko* v. *Fuller Co.*, 27 Misc 2d 93, affd. 13 A D 2d 650, mot. for rearg. or for lv. to app. den. 13 A D 2d 917, mot. for lv. to app. granted 10 N Y 2d 706, affd. 11 N Y 2d 782; *S. H. Kress & Co.* v. *LPN 1st Ave. Corp.*, 37 Misc 2d 570, 575–577). Suffice it to say that the disposition is mandated by the simple logic of the processes of litigation and that plain common sense will permit no other determination.

True, the Police Department and the Traffic Department are the only active municipal agencies (named as respondents here) against whom the present petition is directed, and the Department of Marine and Aviation was the sole agency of the city involved and named as a respondent in the first proceeding. But it is the municipality itself which, in both instances, is the actual and substantive adversary. Indeed, the City of New York was specifically named as one of the respondents in the first proceeding as well, and it is also so similarly named here. What the Police Commissioner and the Traffic Commissioner are charged by the petitioner with doing is being done by them in support of and under the authority of what the courts have thus far held is within the official competence of the Commissioner of Marine and Aviation.

The fact that the present Commissioners and departments of the city government were not named as parties in the prior proceeding is of no moment in the circumstances.

On the state of the record now before me, the instant proceeding is out of order. Accordingly, the motion is denied.